*ALEXANDER FARIBAULT and NICOLAS LA CROIX, VS. LUKE HU-LETT and H. M. MATTESON.

A *certiorari* lies to review the action of the District Court, dismissing a proceeding authorized by *chapter* 129 *of the public statutes*, providing for the erection of mill dams and mills in certain cases.

If the facts stated in the petition in such proceeding are such as bring the case within the first section of the chapter of the statutes referred to, the jurisdiction of the Court is complete, although the right to the relief sought may depend on other circumstances.

If there be an exception in the enacting clause of a statute, it must be negatived in pleading, but a proviso need not.

The petition fully describes the several pieces of land which may be injured by erection of the proposed dam, and states the respective owners thereof who are other persons than the petitioners. *Held*—that this shows sufficiently that the petitioners are not the owners of the land which will be injured.

When an injury is alleged to persons or property, the law presumes *prima facie* want of consent to the injury ; it need not, therefore, be expressly alleged in the first instance.

---

*Mr. Justice Berry, being of counsel in this cause, took no part in its hearing or determination.

Faribault et al. v. Hulett et al.

This is a motion to the Supreme Court by Faribault and La Croix, for a writ of certiorari to be issued to the District Court of Rice county.   The motion papers show that heretofore Faribault and La Croix presented a petition duly verified, to the Judge of said District Court, stating therein thst they are the owners of certain described real estate in said county; that the Cannon River, which is not a navigable stream, runs over and across a portion of said premises; that the petitioners have expended large sums of money, &c., for the purpose of enabling them to improve a valuable water power on said premises, and have made arrangements to commence a saw and grist mill thereon, and have commenced the work of improving said water power; that they are desirous of erecting and maintaining a mill dam upon their said lands, in and across said Cannon River, at a point designated in said petition, for the purpose of raising the water of said river, that the same may be used in running such saw and grist mill; that it will be necessary to raise said dam nine feet above the bed of the river, and that in consequence of raising such dam, certain lands described in said petition belonging to the several persons therein named (other than the petitioners) may be overflowed, &c. The petitioners pray for the appointment of three disinterested residents of said county, as commissioners to inquire touching the matters contained in the petition, and to assess the damages which will result to any person from the erection of said mill dam, and its maintenance forever.   Commissioners were duly appointed by an order of said Court, and took all the necessary and legal steps required by law and by said order in the discharge of their duties, and their report of their doings, signed by a majority of such commissioners, was duly filed, and notice of such filing duly given pursuant to law.   Hulett and Matteson, who had appeared before the commissioners in person and by attorney in the matter of the petition, were notified of the filing of such report, and within thirty days after such notice they appealed to the District Court of said Rice county, from the assessment of said commissioners. The appeal was brought to a hearing at a general term of the Court, and after a jury was empannelled and the jury fee paid, a

motion was made on the part of Hulett and Matteson to dismiss the cause upon certain specified grounds; which motion was granted upon the grounds stated, and an order dismissing the cause duly entered; to which order and ruling the petitioners duly excepted.

The petitioners pray that a writ of certiorari may issue to said District Court, that the record of said proceedings be certified to the Supreme Court, that the order dismissing the cause may be annulled, set aside and reversed, assigning for error in said order—

1. That said District Court had no jurisdiction and authority on said appeal to make said order.

2. That said petition and the proceedings thereon were in all respects regular and sufficient in law.

3. That it appears from the record that if any defects exist in said petition or proceedings they have been waived by said Appellants (Hulett and Matteson).

COLE & CASE, for Petitioners.

I.—An appeal does not lie from the order sought to be reversed. 1 *Kern.*, 276; 17 *Pick.*, 58.

Nor a writ of error. 10 *Wend.*, 350; 13 *Cow.*, 110; 3 *Cush.*, 11.

II.—A mandamus to compel the Court to proceed with the assessment will not lie, because none but ministerial acts can be reviewed in that manner. 18 *Wend.*, 97; 20 *Wend.*, 638.

III.—Certiorari lies upon all final adjudications of an inferior Court or officer invested by the Legislature with power to decide upon the property or rights of the citizen, and which Court or officer acts in a summary way or in a new course different from the common law, and upon a return to such writ jurisdictional question or questions which relate to the regularity of the proceedings or questions of law which arise upon the face of the records, or of the proceedings or orders which are of the nature of records, may be examined. 25 *Wend.*, 167–169; 6 *How. Pr.*

R., 25 ; 15 *Pick.*, 234; 11 *Mass.*, 464; 6 *Mass.*, 397 ; 17 *Pick.*, 58; 13 *Ill.*, 660.

IV.—Should it be objected that the District Courts of this State are not inferior Courts, but Courts of general common law jurisdiction, we answer, that it is admitted that these Courts are not, while exercising their general common law powers, inferior Courts, but it is equally certain that while exercising a special statutory jurisdiction they are inferior tribunals, and subject to supervision of the Supreme Court as such. 17 *Barb.*, 232; *Id.*, 506 ; 7 *Hill*, 9 ; *Mass. R. S.*, (1836) *p.* 508 ; 8 *Pick.*, 194; 7 *Met.*, 605 ; 17 *Pick.*, 58; 8 *Wend.*, 47.

The rule is accurately stated as follows: When any error has occurred in the proceedings of the Court below, while proceeding differently from the course of the common law, in any stage of the cause, either in civil or criminal cases, the writ of certiorari is the only remedy to correct such error, unless some other statutory remedy has been given. *Bouvier's Law Dic.*, *Vol.* 1, *Title Certiorari ;* 8 *Pick.*, 227.

V.—On certiorari the Court may reverse the proceedings in part, if divisible in their nature. 13 *Pick.*, 195.

VI.—The jurisdiction and duties of the District Court, on appeal from the commissioners, are carefully limited and defined, viz., to cause the damages to be assessed, and any other action or decision of the Court was without authority and void. *Section 13, p.* 848 *Comp. Stat.*

This Court on appeal has only authority to pass upon the merits. If the commissioners erred in matters of law, or exceeded their jurisdiction, the remedy was by certiorari directly therein and not under appeal under the statute. 13 *Wend.*, 432 ; 14 *Wis.*, 266 ; 2 *Hill*, 14 ; 7 *How.*, 164 ; 15 *Barb.*, 37 ; 17 *Barb.*, 232 ; 6 *Wis.*, 291 ; 13 *Wis.*, 634 ; 3 *Cush.*, 78–80.

VII.—All the commissioners being present at the hearing, it was competent for a majority to unite in the report. *Sec. 41, p.* 630, *and Sub.* 3, *Sec.* 1, *p.* 114, *Comp. Stat. ;* 1 *Hill*, 200 ; 2 *Kern.*, 197 ; 3 *Denio*, 252.

VIII.—*a.* The fact that the commissioners were disinterested

residents of the county, need not affirmatively appear; it will be presumed until the contrary is shown. 4 *Cow.*, 194; 7 *Conn.*, 362; 3 *Conn.*, 406.

*b.* It does sufficiently appear, however, from the fact that the petition requests the appointment of three disinterested residents of the county. The order reciting a portion of the petition purports to be granted in accordance with the prayer of the petition. 7 *Conn.*, 358, *note.*

IX.—The statute prescribes what the petition shall contain and has been strictly followed. *Secs.* 1, 2 *and* 3, *Chap.* 127, *p.* 847 *Comp. Stat.*

X.—It could not be necessary to negative in the petition the existence of a water power previously improved. That this was a matter of defence to be shown before the commissioners, is apparent from the fact that the liability to injury of such power could only be ascertained by an examination and the taking of levels and measurements, and would be first discovered by the inquiry of the commissioners under their appointment.

XI.—It is a fundamental rule, applicable alike to pleadings and criminal actions, and to special proceedings like the present, that if there be an exception in the enacting clause the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause, that is matter of defence, and is to be shown by the other party. 11 *Cush.*, 130; *Id.*, 178; *Gould's Pl.*, chap. 4, secs. 20–1–2; 12 *Barb.*, 347; 2 *Hill*, 443; 6 *Barb.*, 607; 20 *Wend.*, 360.

XII.—It may be claimed that it should appear on the face of the petition that the Respondents' lands were not "damaged by consent." The fact of applying for commissioners, is as conclusive evidence of want of consent as any language could afford. 1 *Conn.*, 279; 19 *Conn.*, 519; 10 *Conn.*, 306; 7 *Cowen*, 353.

BATCHELDER & BUCKHAM, and BERRY & PERKINS, for Respondents.

I.—The writ of certiorari can be allowed only upon its being

Faribault et al. v. Hulett et al.

made to appear by all the affidavits presented by the applicants and Respondents, that error was committed by the Court below in making the order complained of. 1 *Monell's Prac.* 267 *and* 268.

II.—The act being a special statute in derogation of the common law, the applicant must bring himself strictly and fully within its provisions, or the Court will not acquire jurisdiction. He must not only make affirmative averments of all the circumstances necessary to bring the matters within the statute, but if there be exceptions in the act which confers the right, he must show negatively that the matters are not within the exceptions.

III.—The petition of the applicants is substantially and utterly defective, and confers no jurisdiction or authority upon the Judge to make the order appointing the Commissioners, because—

1. It does not set forth that the granting of the right applied for would not operate "to the injury of a water power previously improved."

2. It does not set forth the granting of the right would not "impair the right of any person to erect and maintain a dam under the laws heretofore and now existing."

3. It does not state that the real estate sought to be overflowed and damaged, is not owned by them, (the petitioners,) nor "damaged by consent." The allegation of all these facts in the petition is indispensable to the granting of the application, and the making of the order to appoint commissioners. *See act Comp. Stat.* 847, *sec.* 1, 16, 25.

The petition does not follow either of these sections.

IV.—All the facts which are alleged in the petition may be true, and yet the applicants not entitled to the privilege of erecting a mill dam under this act.

V.—Section 2 of said act does not profess to define all the averments or allegations which must be set forth in the petition. A petition drawn in pursuance of said section 2, with no further allegation, would be entirely insufficient. *Act Comp. Stat.* 847, *sec.* 2.

VI.—The burden of alleging and proving that this is not a case which comes within the exceptions mentioned in the 1st, 16th and 25th sections of the act rests upon the applicants, because—

Faribault et al. v. Hulett et al.

1. The facts are equally within the knowledge of the applicants, and are susceptible of easy proof on their part. 24 *Pick.* 347.

2. The Respondents have no opportunity of putting in an answer or making up an issue, showing on their part that the case is embraced within the exceptions, and no way of litigating those facts before the commissioners or the Court.

VII.—If the Respondents must set it up, and treat it as matter of defence, that the case is within the exceptions, where and at what stage of the proceedings can it be done?

The commissioners cannot take those facts into consideration, neither can the Court on appeal, for by the terms of the statute, the appeal only brings before the Court the propriety of the "amount of damages reported by the commissioners." *See act Comp. Stat.* 847, *sec.* 13.

VIII.—The objections raised to the petition are on the ground of substantial defects affecting the jurisdiction, and for want of indispensable allegations, and not for irregularities merely; and the defects could not be waived or cured by the appearance of the Respondents.

And it appears by the affidavits that the Respondents made no general appearance, but appeared specially under protest, waiving no rights, and objecting to the jurisdiction and authority of the commissioners, and again to the jurisdiction of the Court on appeal.

*By the Court*—McMILLAN, J.—This is an application by Alex. Faribault and Nicolas La Croix for a writ of certiorari to the District Court for the county of Rice, to review the action of that Court in the course of certain proceedings therein under *Chapter* 129 *of the Public Statutes*, providing for the erection of mill dams and mills in certain cases.

The proceedings in the Court below were dismissed by that tribunal. The grounds upon which this action is based, and upon which the Defendants rely in opposition to granting the writ of certiorari, are:

1. The petition fails to state that the erection and maintaining

of their proposed dam will not cause the injury of a water power previously improved.

2. The petition fails to state that the erection and maintenance of said dam will not destroy or impair the right of any person to erect and maintain a dam under the law existing at and before the passage of the law under which the petitioners proceed.

3. The petition does not state that the real estate sought to be overflowed and damaged is not owned by the petitioners nor damaged by consent.

There is no statutory provision for an appeal in a proceeding of this character, and it is one unknown to the common law. In such case, it has heretofore been determined by this Court, a certiorari lies. *Tierney vs. Dodge*, 9 *Minn.*, 166. We do not understand, however, that the Respondents deny this position.

So far as the question of the constitutionality of the law under which the proceedings originated and were conducted is concerned, although, perhaps, legitimate on a motion of this kind and suggestive in the briefs of the parties, it was not discussed at the bar, and it was distinctly understood that while for the purpose of this application the constitutionality of the law might be assumed, no final adjudication upon that point could be made at this time, but that question would be reserved for determination when it should arise at a subsequent stage of the case. We proceed, therefore, to the objections which go to the sufficiency of the petition.

The first and second sections of the act are as follows :

"Sec. 1. When any person may be desirous of erecting and maintaining a mill dam upon his own land across any water course not navigable, and shall deem it necessary to raise the water by means of such dam, or occupy ground for mill yard so as to damage, by overflowing or otherwise, real estate not owned by him, nor damaged by consent, he may obtain right to erect and maintain said dam by proceeding as in this act provided.

"Sec. 2. He shall present to the Judge of any Court of record in which jury trials are had in the county, or if there be no such court in the county, then in the district in which said dam or any part thereof is to be located, a petition setting forth the place as

near as may be where said dam is to be located, the height to which it will be raised, the purposes to which the water power will be applied, and such other facts as may be necessary to show the objects of the petition."

The 16th Sec. of the act is as follows :

"No mill dam shall be erected or maintained under the provisions of this act to the injury of any water power previously improved."

Sec. 25 is in the following language :

"The provisions of this act shall not apply to Olmsted county, nor destroy or impair the right of any person to erect and maintain a dam under the law heretofore and now existing."

As the jurisdiction of the Court in cases of this character depends entirely upon statutory provision, before the jurisdiction attaches facts must be stated by the petitioners, which bring the case within the purview of the act creating or conferring the jurisdiction. The first section of the act prescribes the cases in which the right to erect and maintain a dam may be obtained. If the facts stated are such as bring the case within this section, the jurisdiction of the Court is complete, although the right to the relief sought may depend on other circumstances. The rule of statutory construction applicable to this case is well settled. There is a well known distinction between an exception in the purview of an act and a proviso. If there be an exception in the enacting clause of a statute, it must be negatived in pleading, but a proviso need not. *Sedgwick on Const. and Stat. law* 62 *; Gould's Pl. Ch.* 4, *Secs.* 20, 1, 2, *and authorities cited.*

In the first section or enacting clause of this act, there is no exception. The qualifications or limitations of the right to erect and maintain a dam, insisted upon in the first and second objections, are introduced by subsequent and distinct sections of the act. While, therefore, the matters embraced in these sections, so far as they limit the right granted by the first section, may be pleaded in bar of the relief sought by the petitioners, they are not, under the rule stated, exceptions which must be negatived in the first instance.

The remaining objection is that the petition does not state that the land sought to be overflowed and damaged, is not owned by the petitioners nor damaged by consent.

The object of this act is two-fold.  First, to grant to the owners of a mill site on a non-navigable water course, the right to improve the water power by the erection of a dam and mill on their own land, where it results in injury to the land of other persons.  Second, to secure from such owners, by the same proceeding, compensation to the owners of land so injured.

The petition in this instance fully describes the several pieces of land which may be injured by the erection of the proposed dam, and states the respective owners thereof, who are other persons than the petitioners.  This is all that is necessary to accomplish the object of the law, and we think sufficiently shows that the petitioners are not the owners of the land which will be injured. When an injury is alleged to person or property, the law presumes *prima facie* want of consent; it need not therefore, be alleged expressly in the first instance.  For these reasons we are of opinion that the petition is sufficient, and that a certiorari should issue.