### J. F. CAIN ET AL. V. STATE OF TEXAS.

Decided November 6, 1907.

**1.—Gaming—Injunction—Pleading.**

In a proceeding by injunction to prevent the use and threatened use of certain premises for the purpose of gaming, pleading considered, and held sufficient. The fact that a pleader unnecessarily sets out his evidence is not reason for holding the pleading bad in its entirety.

**2.—Same—Pleading—Particularity.**

In a proceeding by injunction to prevent the use or threatened use of premises for gaming purposes, it is not necessary to describe the games sought to be inhibited nor to negative the exceptions to the gaming statute relating to private residences. A private residence when used for gaming purposes is not exempt from the operation of the law.

**3.—Assignment of Error—Insufficiency.**

An assignment of error which neither in itself nor by the propositions thereunder specifies the fact which the evidence is alleged to be insufficient to prove, is too general to require consideration by the Appellate Court.

Appeal from the District Court of Dallam County. Tried below before Hon. Ira Webster.

*Reese Tatum,* for appellant.—The remedy of injunction is for the purpose of preventing an injury, and not for the purpose of prohibiting something that has already been done. It can be resorted to only when the premises is habitually used, actual, threatened and contemplated use, and not when they were used for gaming months before.

Supplement to Sayles' Texas Civil Statutes, title 50b., page 257; Whitaker v. Dillard, 81 Texas, 362; Kerr v. Riddle, 31 S. W. Rep., 328.

The court erred in overruling appellant's special exception to plaintiff's petition, because said petition wholly fails to allege or negative the exceptions and show whether or not the place, premises and building where appellants are charged to have been exhibiting, playing and dealing games in violation of the laws of the State of Texas, is any one of the public places defined in' articles 379 and 382A of the Penal Code of the State of Texas, and fails to allege that said place, premises, house or building is not a private residence occupied by a family. Gillis v. Rosenheimer, 64 Texas, 243; Carter v. Griffin, 32 Texas, 213; Martin v. Sykes, 25 Texas Sup., 197-198; Bryan v. Knight, 1 Texas, 180; Ewing v. Duncan, 81 Texas, 230; Dunn v. City of Austin, 77 Texas, 144; art. 379 Penal Code, and authorities thereunder cited; Borden v. State, 66 S. W. Rep., 1102, art. 382A, and authorities thereunder cited; Wilkerson v. State, 72 S. W. Rep., 852-853; State v. Mansker, 36 Texas, 364; Tummins v. State, 18 Texas Crim. App., 13; Daily v. State, 27 Texas Crim. App., 569; Metzer v. State, 31 Texas Crim. App., 11; Booth v. State, 26 Texas, 203; Lyle v. State, 30 Texas Crim. App., 118; Doyle v. State, 19 Texas Crim. App., 410.

*C. D. Stepp,* for appellee.

CONNER, CHIEF JUSTICE.—This is an injunction proceeding instituted in the name of the State on February 26, 1906, by the county attorney of Dallam County, under an Act of the Twenty-Ninth Legislature, approved April 19, 1905, authorizing the issuance of injunctions to restrain "the habitual use, actual, threatened or contemplated use of any premises, place, building, or part thereof, for the purpose of gaming or of keeping or exhibiting games prohibited by the laws of this State." The petition for injunction charged "that said defendants and each of them above mentioned are using, concerned in using, and are actually and habitually using, and are threatening and contemplating the use of places, premises and buildings in block No. 48, lots Nos. 9, 10 and 11 in the city of Dalhart, Dallam County, Texas, and a part thereof for the purposes of gaming and the keeping and exhibiting games prohibited by the laws of the State of Texas." The petition further sets forth the conviction of certain persons named for gaming at the premises described, on July 19, 1905, and on September 4, 1905, and averred "that the said defendants and each of them are aiding and abetting the use of some other person, and are aiding and abetting each other in the use of the above-mentioned and described premises, places and buildings, and a part thereof, for the purposes of gaming and of keeping and exhibiting of games prohibited by the laws of the State of Texas."

Appellants answered by general and special exceptions and a verified denial of the charges so made against them. The court overruled the demurrers, and on final hearing rendered judgment perpetually enjoining appellants as prayed for by the State.

Appellants' principal complaint is at the action of the court in overruling their demurrers. It is insisted that the petition is insufficient

in that it alleges convictions for gaming long prior to the institution of the suit, without showing the nature of the game. We do not regard the allegations referred to as essential to the sufficiency of the petition. The material allegations are those quoted by us above, and those now under consideration seem to be in the nature merely of evidence tending to support the material complaint. The antecedent convictions were but circumstances illustrative of the use appellants had been making of the premises, which, together with other evidence that was offered, was relevant to the issue of the threatened use charged, and, while it may not be good pleading for the pleader to set forth his evidence, no such objection is here made, and we fail to see why we should hold the petition bad in its entirety because of such fault.

Again, it is urged that the petition should have described the games sought to be inhibited, and negatived exceptions to the gaming statute relating to private residences, the contention being that under article 379 of the Penal Code of Texas it is no offense to play at a game of cards at a private residence occupied by a family. It is to be observed, however, that the evident purpose of the Act of the Legislature, as well as of the suit, was to prevent the progress and continued commission of a specified class of crimes, and not to convict and punish for a single offense already committed, and in the very nature of the case, we apprehend, the same strictness of pleading and proof is not required in the first instance as in the last. An act already committed is susceptible of precise proof, and hence of averment. But it does not seem so easy to specify or describe an act merely threatened or in contemplation. It may be committed in any one or more of the many ways in which our gaming laws can be violated, and therefore the material fact charged in the petition under consideration—the *factum probandum*—is that the defendants are actually contemplating—threatening—to use the specified premises for the purpose of gaming and of keeping and exhibiting games prohibited by the laws of Texas. If so, it is not material that the premises may be a private residence. In article 380 of the Penal Code it is declared that "all gaming houses" are included within the meaning of places at which it is unlawful to play at a game of cards. And in referring to games, gaming tables or banks, prohibited by article 382, article 383 of the same code declares that it was "intended by the foregoing article (article 382) to include every species of gaming device known by the name of table or bank, of every kind whatever, this provision shall be construed to include any and all games which in common language are said to be played, dealt, kept or exhibited." Why, then, should the cause of the plaintiff in the action be unnecessarily incumbered and imperiled by requiring technical descriptions of the premises in question or of the games threatened? All places and all games prohibited by law, and of which all persons are presumed to know, are included within the beneficial purposes of the Act of the Legislature under consideration, and a petition in the form of the present one, charging substantially in the language of the Act, is, in our judgment, sufficient. All assignments which call in question the sufficiency of appellee's petition are accordingly overruled.

But one other assignment is presented, and that is that "the court

erred in rendering judgment for the plaintiff perpetuating the injunction, for the reason the same is contrary to the law and the evidence in the case." Neither the assignment nor the propositions thereunder specify the fact or facts in issue which the evidence is insufficient to prove, as required by the statute and rules, and hence are too general to require consideration.

We conclude that the judgment must be affirmed, and it is so ordered.

*Affirmed.*