## GRACIE LANE v. R. V. BELL.

### Decided January 9, 1909.

**1.—Injunction—Bawdy House—Description.**

In a petition for injunction to restrain the defendant from keeping a bawdy house, the house was described as "being situated in the town of G. on the north side of West Church Street, in a locality generally known as Silver City." It was further alleged that plaintiff was unable to give a better description of the house. Held, an exception to the petition on the ground that the description was insufficient, was properly overruled.

**2.—Injunction—Pleading—Proviso in Statute.**

Where there is an exception embraced in the enacting clause of a statute, one suing under the statute must in his pleading negative such exception. But a proviso contained in the same clause or in a subsequent clause of a statute is a matter of defense and need not be negatived by the plaintiff seeking relief given by the statute. This rule applied in a suit to enjoin the keeping of a bawdy house under arts. 362a and 362b of the Penal Code. (Gen. Laws, 1907, p. 247.)

**3.—Same—Bawdy Houses—Constitutionality of Statute.**

Article 362a, Penal Code, providing for the suppression of bawdy houses by injunction, is not in violation of art. 3, sec. 35 of the Constitution providing that no bill shall contain more than one subject, which shall be expressed in the title. The fact that by the terms of the title of the Act by which said article was incorporated in the Code, the right of injunction in such cases is available throughout the entire State, while the body of the Act excludes its application in certain cities under certain contingencies, does not render the Act repugnant to said article of the Constitution.

**4.—Same.**

The Act of the Thirtieth Legislature providing for the suppression of bawdy houses by injunction, is not violative of sec. 35, art. 3, of the Constitution, on the ground that "it attempts to amend at the same time the criminal laws of the State and the civil laws of the State; attempts to change the definition of disorderly houses; to establish and provide a punishment for the offense of procurer; and to enlarge the limits in which an injunction can be issued."

Appeal from the District Court of Cooke County. Tried below before Hon. Clem. B. Potter.

*Stuart & Bell,* for appellant.—The trial court erred in granting the temporary writ of injunction herein because plaintiff's petition failed to state that the house in which it was alleged appellant was running a bawdy house was not situated in an incorporated city or town acting under a special charter and controlling and regulating bawds and bawdy houses by an ordinance and actually confining by ordinance bawds and bawdy houses within a designated district of such incorporated town or city. Art. 362a, Penal Code, Acts of the Thirtieth Legislature, 247-248; Gillis v. Rosenheimer, 64 Texas, 245, 246; Martin v. Sykes, 25 Texas Supp., 198 to 199; 1 White & Wilson Civil Cases, section 992; McGhee Ir. Ditch Company v. Hudson, 85 Texas, 593; Nussbaum v. Bell County, 97 Texas, 86; Cotulla v. Burswell, 54 S. W., 614; City of Paris v. Sturgeon, 110 S. W., bottom of page 460, top of page 461 (writ of error denied by the Supreme Court in this case).

As appellee sought the extraordinary remedy of injunction against appellant, he should have definitely described the house in which appellant was alleged to be conducting a bawdy house. Lewis v. Hatton, 86 Texas, 535; Phoenix Assurance Company v. Munger Imp. C. M. Mfg. Co., 49 S. W., 274; Mims v. Mitchell, 1 Texas, 443; Rivers v. Foote, 11 Texas, 670; Caldwell v. Haley, 3 Texas, 317.

That portion of house bill No. 10 of the Thirtieth Legislature set out on pages 246 to 248 of the general laws of said Thirtieth Legislature providing for the issuance of an injunction, is contrary to and violative of the Fourteenth Amendment to the Constitution of the United States in that it denies the right to sue out such injunction to the citizen of an incorporated city or town, acting under special charter, controlling, regulating and confining within a designated district by ordinance, bawds and bawdy houses. Therefore the trial court erred in overruling this appellant's first demurrer to appellee's petition. Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; Connolly v. Union Sewer Pipe Co., 184 U. S., 557 to 559.

*Davis & Thomason,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—By a temporary writ of injunction issued by the District Court of Cooke County, Gracie Lane was restrained from using a certain house as a bawdy house or for purposes of prostitution, and from the judgment of the court awarding such writ the defendant has appealed to this court. R. V. Bell, a citizen of Cooke County, was plaintiff in the suit for injunction, which was brought under and by virtue of articles 362a and 362b, chapter 122, pages 247-248, Acts of the Thirtieth Legislature, which are as follows:

"Article 362a. The habitual, actual, threatened or contemplated use of any premises, place, building or part thereof, for the purpose of keeping, being interested in, aiding or abetting the keeping of a bawdy or disorderly house, shall be enjoined at the suit of either the State or any citizen thereof. Any person who may use, or who may be about to use, or who may aid or abet any other person in the use of any premises, place or building or part thereof, may be

made a party defendant in such suit; provided, that the provisions of this article and article 362b shall not apply to, nor be so construed as to interfere with the control and regulation of bawds and bawdy houses by ordinances of incorporated towns and cities acting under special charters and where the same are actually confined by ordinance of such city within a designated district of such city.

"Article 362b. The Attorney-General and the several district and county attorneys shall institute and prosecute all suits that said Attorney-General or such district or county attorney may deem necessary to enjoin such use; provided, that such suit may be brought and prosecuted by any one of such officers; and provided further, that nothing in the above proviso contained shall prevent such injunction from issuing at the suit of any citizen of this State who may sue in his own name, and such citizen shall not be required to show that he is personally injured by the acts complained of, and the procedure in all cases brought hereunder shall be the same as in other suits for injunction, as near as may be; provided, that when the suit is brought in the name of the State by any of the officers aforesaid the petition for injunction need not be verified."

Plaintiff alleged in his petition that defendant was actually and habitually keeping a certain house as a bawdy house where prostitutes were permitted to resort and reside for the purpose of plying their vocation. The house was described as being situated in the town of Gainesville, on the north side of West Church Street, in a locality generally known as Silver City. The petition contained the further allegation that plaintiff was unable to give a better description of the house than that which has been given above.

Appellant has assigned error to the action of the trial court overruling her special exception questioning the sufficiency of that description of the house. We think there was no error in this ruling of the court and the assignment challenging its correctness is overruled. (6 Cyc., 209.) The petition failed to allege that the town of Gainesville was not an incorporated city or town acting under a special charter assuming by ordinances the regulation of bawds and bawdy houses and confining them within designated districts of said city. Defendant specially excepted to the petition on the ground that it should have negatived the existence of such facts, but the exception was overruled by the trial court. The proviso in article 362a above quoted in express terms limits the general scope of the enacting clause of article 362a, although Chief Justice Conner is inclined to hold that so far as affecting the right conferred upon the citizen to enjoin a bawdy house as given in article 362a, the proviso contained in that article is made inapplicable by the last proviso in article 362b. In support of this special exception to the petition appellant has cited many authorities, all of which support the general rule of pleading announced in Gillis v. Rosenheimer, 64 Texas, 246, that when an injunction is sought the material and essential elements which entitle the pleader to the relief shall be so certain as to negative every reasonable inference arising from the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief. Accord-

ing to our interpretation, the authorities cited by appellant go no further than to enforce this general rule of pleading, and do not sustain the exception to the petition now under discussion. With practical unanimity the authorities seem to hold that where there is an exception embraced in the enacting clause of a statute, the plaintiff suing under the statute must in his pleading negative such exception. But a proviso contained in the same clause or in a subsequent clause of the statute is a matter of defense and need not be negatived by the plaintiff seeking relief given by the statute. American Digest, Century edition, vol. 39, p. 1093, citing many decisions, among them, Chicago, B. & Q. Ry. v. Carter, 20 Ill. (10 Peck.), 390; Ohio & M. Ry. v. Brown, 23 Ill. (13 Peck.), 94; Great Western Ry. Co. v. Hanks, 36 Ill., 281; Lynch v. People, 16 Mich., 472; Osburn v. Lovell, 36 Mich., 246; Faribault v. Hulett, 10 Minn., 30; Wilmington & R. Ry. v. Robeson, 27 N. C., 391. See also Tomlinson v. Bainaka (Sup. Ct. Indiana), 70 N. E. 155.

The title of the Act above mentioned reads as follows: "An Act to amend article 359, chapter 4, title 10, of the Penal Code of the State of Texas, defining what constitutes a bawdy house and a disorderly house, so as to include any assignation house and any house in which spirituous, vinous or malt liquors are sold or kept for sale without having first obtained a license under the laws of the State to retail such liquors; also adding article 359a, defining the offense of procurer and providing the punishment therefor; also to amend articles 361 and 362, chapter 4, title 10, of the Penal Code of Texas, stating who shall be guilty of the offense of keeping, being concerned in keeping or permitting to be kept, a bawdy house and a disorderly house, and prescribing the punishment therefor; also by adding articles 362a and 362b, to prevent, by means of the writ of injunction at the suit of the State or any citizen thereof, the habitual, actual, contemplated or threatened use of any premises, place, building or part thereof, for the purpose of keeping, or being in any manner interested or responsible for the keeping of a bawdy house or disorderly house, and providing suitable fines and imprisonment for the violation of this Act."

Appellant's sixth assignment of error reads as follows: "The trial court erred in overruling this appellant's first demurrer to plaintiff's petition herein because that part of House Bill No. 10, passed by the Thirtieth Legislature and set forth on pages 246 to 248 of the general laws of said Thirtieth Legislature, authorizing the issuance of an injunction, is invalid because the caption of said House Bill No. 10 states that the writ of injunction may issue at the suit of the State or any citizen to prevent the use of any building, while article 362a of said bill No. 10 provides in substance that such injunction shall not issue as to a house situated in an incorporated city or town acting under a special charter, where such incorporated city or town controls, regulates and actually confines by ordinance within a designated district of such city, bawds and bawdy houses. Therefore said House Bill No. 10 so far as its provisions concerning the issuance of a writ of injunction are concerned is violative of article 3, section 35 of the Constitution of this State."

Article 3, section 35, of the Constitution is as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed."

It will be noted that the right to suppress by injunction the running of a bawdy house is expressly mentioned in the title, and we believe that the correct analysis of this assignment is that from the title it appears that the right of injunction is available throughout the entire State, while the Act excludes its application in certain cities under certain contingencies, and that therefore the Act is repugnant to the article of the Constitution cited. We fail to see how the fact that under possible contingencies the title would embrace more territory than the Act itself would render the Act repugnant to that portion of the article of the Constitution above quoted, which renders void any subject embraced in the Act which is not mentioned in the title.

Appellant's eighth assignment is as follows: "The trial court erred in overruling this appellant's first demurrer to appellee's petition because House Bill No. 10 of the Thirtieth Legislature set out on pages 246 to 248 of the general laws of said Thirtieth Legislature, attempts to amend at the same time the criminal laws of the State and the civil laws of the State; attempts to change the definition of disorderly houses; to establish and provide a punishment for the offense of procurer; and to enlarge the limits in which an injunction can be issued, and is, therefore, violative of section 35, article 3, of the Constitution of this State."

The suppression of the procurer is certainly germane to the suppression of the bawdy house evil at which the Act is aimed, and the provisions of the Act providing a punishment for the procurer do not constitute a subject separate and distinct from the main subject within the meaning of the article of the Constitution referred to. The Act denounces keeping a bawdy house an offense punishable by fine and imprisonment, and also provides that the proprietor of the house may be enjoined from maintaining it; in other words, two methods are prescribed for suppressing the same evil; but we fail to see how this fact would render the Act violative of the constitutional inhibition against embracing two subjects in the same Act. (Doeppenschmidt v. International & G. N. R. R. Co., 100 Texas, 532; Ex parte Allison, 99 Texas, 455.)

All other assignments of error not hereinbefore discussed have been duly considered and are overruled, and the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.