## ROBERTS et al. v. WILLIFORD.
### (No. 836.)

(Court of Civil Appeals of Texas. Beaumont. June 8, 1922.)

**Appeal and error** �köm733—**Assignments of error to judgment held too general.**

Under rules 23–27 for Courts of Civil Appeals (142 S. W. xii) and Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, assignments of error that the judgment is contrary to the evidence and against the great weight thereof and contrary to the law are too general to be considered.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Mrs. Johnnie Alice Roberts and another against Frank Williford, Jr. From an adverse judgment, plaintiffs appeal. Affirmed.

Elbert Roberts, of Houston, for appellants.
H. H. Cooper and Sam R. Merrill, both of Houston, for appellee.

O'QUINN, J. This suit was brought by appellants in the Sixty-First district court of Harris county, Tex., to vacate and set aside a judgment rendered in said court in cause No. 88640, entitled Frank Williford, Jr., v. Austin Roberts et al. The following statement of the nature and result of the suit is taken from appellant's brief, to wit:

"Mrs. Johnnie Alice Roberts and husband, Austin Roberts, filed a suit in the Sixty-First district court of Harris county, Tex., No. 92126 on the docket of said court. to set aside and review a judgment entered in said court at a former term in cause No. 88640, entitled Frank Williford, Jr., v. Austin Roberts et al., alleging that the judgment entered in said cause was void, that the evidence introduced and on which Frank Williford, Jr., had obtained a judgment was insufficient to support a default judgment, and further alleging that they had made no defense to said suit because of promises made to them by the said Frank Williford, Jr.

"Appellants allege that appellee filed suit on a promissory note for $2,428.91, and to foreclose a mortgage on 100 acres of land, which note and mortgage were signed only by Austin Roberts and were not signed by Mrs. Johnnie Alice Roberts; that the land on which foreclosure was asked is the homestead of appellants, and that defendants had not filed any answer to said suit because of promises made to them by Frank Williford, Jr.; that Frank Williford, Jr., filed his answer on the 10th day of January, 1921, containing a general denial and general demurrer alleging to the effect that he had obtained a judgment at a former term of the court as against Austin Roberts and Johnnie Alice Roberts foreclosing a deed of trust, and that judgment had been entered thereon, and that said property had been sold and bid in by Frank Williford, Jr."

The case was tried before the court without a jury, and judgment rendered refusing to set aside the judgment, from which appellants appealed.

Appellants present two assignments of error, which are:

"First assignment of error: Because said judgment is contrary to the evidence and against the great weight and preponderance of evidence.

"Second assignment of error: Because the judgment of the court is contrary to the law in such cases made and provided."

These assignments cannot be considered. They are too general, and not in compliance with the rules. Rules 23, 24, 25, 26, and 27 for courts of civil appeals (142 S. W. xii); article 1612, Vernon's Sayles' Civil Statutes; Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622; Houston v. Blythe, 71 Tex. 719, 10 S. W. 520; Wilson v. Lucas, 78 Tex. 292, 14 S. W. 690; American Legion of Honor v. Rowell, 78 Tex. 677, 15 S. W. 217; Bonner v. Whitcomb, 80 Tex. 178, 15 S. W. 899; Cain v. State, 47 Tex. Civ. App. 382, 106 S. W. 770; Goodwin v. Burton, 54 Tex. Civ. App. 586, 118 S. W. 587.

As this court said in Bean v. Hinson (Tex. Civ. App.) 235 S. W. 328:

"Under the Texas appellate practice the higher courts have uniformly refused to enter into investigation of testimony upon an assignment of error which goes no further than to state that the verdict or judgment or matter complained of is not supported by the evidence. The assignment should state in what respect the evidence does not support the verdict or finding—the particulars in which the evidence is insufficient—and not require the court to examine the whole statement of facts to see if it cannot discover some defect or weakness which the party complaining has not pointed out or called specifically to the court's attention."

See Randall v. Carlisle, 59 Tex. 69; Railway Co. v. McNamara, 59 Tex. 255; Ackerman v. Huff, 71 Tex. 319, 9 S. W 236; Smith v. Jones (Tex. Civ. App.) 192 S. W. 799.

We have carefully examined the record, and find no fundamental error apparent upon it, and, the judgment being such as could have legally been rendered by the court below upon the pleadings and evidence, the same should be affirmed; and it is so ordered.