## GARRETT v. STATE.

### No. 3734.

Court of Civil Appeals of Texas. Amarillo.

June 8, 1932.

Rehearing Denied July 6, 1932.

Killough & Dotson, of Vernon, for appellant.

John Myers and R. R. Donaghey, both of Vernon, for the State.

JACKSON, J.

The state of Texas, acting by and through the district attorney of the Forty-Sixth judicial district and the county attorney of Wilbarger county, instituted injunction proceedings in the district court against the defendant R. D. Garrett to enjoin him from operating a pool hall in the city of Vernon.

The state alleged: That on and long prior to May 11, 1931, the defendant was and now is engaged in operating a pool hall in the basement of a building located at 1618 Main street in the city of Vernon in Wilbarger county. That the defendant exhibited in said building pool tables on which the game of pool was and is played with cues and balls, for hire, revenue, and gain. That the defendant in operating and maintaining said place aids and abets other persons in playing the game of pool in said building, on said tables, and betting thereon, and paying fees to the defendant for the privilege of playing pool in the basement of said building. That said building has heretofore been actually and habitually used by the defendant for such purposes and he contemplates the continuous use of said building in the future for such purposes, all of which is prohibited by law.

The state sought to perpetually enjoin the defendant from using the basement of said building to exhibit pool tables, cues, and balls, collecting fees from players for their use in playing the game of pool, and from permitting the players to bet on the game of pool played on said tables in said building.

The defendant answered by general demurrer and general denial, specially denying that he was operating a pool hall for hire, revenue, or gain, or exhibiting pool tables for hire, revenue, or gain, or that said building had theretofore actually and habitually been used by him for such purposes, or that he contemplates its use for such purposes in the future, or that he is operating and maintaining said place for playing pool, or permitting betting on the game or collecting fees which are prohibited by law or aiding and abetting any person in playing the game of pool or betting thereof in violation of law.

He pleads that he is the manager of the Derrick Athletic Club operated in the place described in plaintiff's petition, which club is duly organized under the laws of the state under a charter issued by the secretary of state, and which club has pool tables for the entertainment of its members, and that no person is permitted to play except the members of the club and no fees are charged for the use of the pool tables to the members of the club.

In response to special issues submitted by the court in his main charge, the jury found, in effect, that the principal game played in the building operated by the defendant was the game of pool; that the fees or charges paid to the defendant by the players was for the privilege of being allowed to play specific games of pool; that the fees so paid by those who played pool in said building were not paid in good faith as a credit on monthly dues by the members of the Derrick Athletic Club; that the defendant would not continue the operation of said club if the pool tables in use were removed from said building. In response to a special issue submitted at the request of the defendant, the jury found that the Derrick Club was not a bona fide club operated by the defendant without profit to the club.

On these findings judgment was rendered perpetually enjoining the defendant, R. D. Garrett, his agents, employees, etc., from operating a pool hall in the building in question for hire, fees, or gain, or permitting betting on the game of pool in said building, or exhibiting the pool tables, cues, and balls for such purposes, from which judgment the defendant prosecutes this appeal.

The appellant urges as error the action of the trial court in overruling his general demurrer to the petition, urging that it is not sufficient to authorize a judgment against him; that the allegations therein are but conclusions of the pleader, do not charge that the building was actually and habitually used for the purpose of exhibiting pool tables for hire, revenue, or gain, and fails to name the persons who played pool on the tables in said place and paid fees for the privilege thereof.

Article 4668 of the Revised Civil Statutes provides: "No person acting for himself or others shall maintain or operate a pool hall within this State. The term 'Pool Hall,' as used herein, includes any room, hall, building or part thereof, tent or enclosure of any kind similar to those named, or any inclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for advertising purposes of any kind, any pool or billiard table or stand or structure of any kind or character on which may be played pool or billiards, or any game similar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain. The habitual, actual, or contemplated use of.

any premises, place, room, building or part thereof or tent, or any kind or character of enclosure similar to those named, or any uninclosed open space for the purpose of exhibiting any table, stand or structure of any kind described in this article may be enjoined at the suit of either the State or any citizen thereof."

■ The petition alleges the material requirements contained in the statute to constitute a cause of action.

In construing the sufficiency of an indictment in a criminal case, the Court of Criminal Appeals, in Aven v. State, 102 Tex. Cr. R. 478, 277 S. W. 1080, 1081, says: "The state's burden as to its pleading is met in any case when, in language of ordinary use and meaning it is stated that the accused, at a time and place named, did those things which are denounced by statute as a crime." Lane v. Bell, 53 Tex. Civ. App. 213, 115 S. W. 918; Cain et al. v. State, 47 Tex. Civ. App. 382, 106 S. W. 770; Pool v. Chapman (Tex. Com. App.) 283 S. W. 762.

This is not a criminal prosecution nor a suit to recover a penalty prescribed by the statute, and in our opinion the petition is sufficient against a general demurrer.

■ The appellant by proper assignments contends that inasmuch as there is no jury finding, either that appellant had actually and habitually used the premises for operating a pool hall or exhibiting pool tables, cues, and balls therein for hire, gain or revenue, or that he contemplated so using said building and the tables, and no such issues were submitted or requested, the court committed reversible error in the judgment rendered against him.

In North v. Atlas Brick Co., 13 S.W.(2d) 59, 61, the Commission of Appeals says: "Next, it is complained the judgment for the plaintiff for the shop right is contrary to the verdict. Question No. 3, which has already been quoted, was designed to submit, and properly did submit, whether or not the defendant, while in control and management of the plaintiff company and its properties, used the time, material, labor, and equipment of the company in aid of the discovery or invention of the Klinker brick. The matter thus submitted was not merely evidentiary, but it was a part, at least, of an ultimate controlling issue. If it did not contain all of the elements necessary to a recovery, it at least contained some indispensable elements, and therefore was a submission in part, at least, of the issue which we have held to have been well pleaded, and such issue cannot be held to have been waived under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, for an issue submitted in part, or even defective-

ly submitted, with the acquiescence of the parties, is not waived. It is like the ordinary issue of negligence in a personal injury case. The complete ultimate issue is usually made up of four elements or subsidiary issues, being those of (1) the fact alleged, (2) whether the same be negligence, (3) whether such negligence be the proximate cause of injury, and (4) the amount of damage. Now, if one or more of such elements, or issues as they are usually denominated, be submitted and the others not submitted nor requested to be submitted, such issue is not waived, but the court may find, and under the statute is deemed to have found, the unsubmitted issues in such way as to support the judgment rendered by him."

In McDaniel v. Orr, 30 S.W.(2d) 489, 491, the Commission of Appeals, citing North v. Atlas Brick Company, supra, and stating that the intent to charge usury was the ultimate issue and necessarily composed of four elements, naming them, says: "Under the statutes we have mentioned and under the ruling in the case of Ormsby v. Ratcliffe, if either one or more of these four elements are submitted to the jury, then the burden devolves upon the defendant in error" (who was the defendant in the trial court) "desiring a more complete submission, either to object to the incompleteness of the issue, as submitted, or request such further issues as will submit any and all of the elements in dispute."

In the International-Great Northern R. Co. v. Casey, 46 S.W.(2d) 669, 671, the Commission of Appeals states: "The Court of Civil Appeals, in its opinion, says: 'The jury found, on issues submitted to them without objection on the part of appellant, that said employees never sounded the whistle nor began ringing the bell until the train was within 200 feet of the crossing. The effect of those findings was to determine that said employees failed to comply with the requirements of the statute (article 6371, R. S. 1925) and therefore were guilty of negligence as a matter of law. * * * No issue as to whether such negligence was a proximate cause of the collision or not was submitted to the jury, and no request for the submission of such an issue was presented to the court. There was evidence authorizing findings that such negligence was such a cause. In that state of the case this court must assume that the court found the failure to sound the whistle and ring the bell was such a cause.' * * *"

The Commission of Appeals then states: "The decisions of this state hold that, when a jury is demanded to try the facts, litigants are entitled to have every essential and independent issue submitted to the jury for a finding thereon. The finding of the jury that the railroad company was negligent; as above described, without also finding that such negligence was the proximate cause of the damages sustained by plaintiff, would not support

.a judgment based thereon. If the owner relied upon the negligence of the operatives of the train in approaching the crossing, in failing to ring the bell and blow the whistle, for .a recovery, it was essential that there should have been submitted to the jury an issue that the negligence of the operatives of the train. in approaching said crossing was the proximate cause of the damages sustained by him. This record does not show that the defendant in any way waived this issue. * * * If the court failed to submit such issues, it was the duty of plaintiff to request their submission. If plaintiff failed to do this, he has not met the burden placed upon him by law. If it was not done, the law presumes that .he waived it, and, unless it is a matter that is incidental or supplemental to the ultimate issues, then the trial court would not be justified in finding this essential fact without having an answer to the jury first made on the issues submitted."

In the instant case there was no objection to the court's charge because it was incomplete, or for failure to submit the issues on which appellant's propositions are based, and no request for the submission of such issues by either party.

The last three cases cited, supra, do not seem to be in accord in stating the rule, and in our opinion the decision of the case of International-Great Northern R. Co. v. Casey, supra, announces the law. Whether the holdings in these cases can be reconciled, it is unnecessary to discuss, as we have concluded that appellant's contention is not tenable because the issues not submitted by the court nor requested by either party were not, under this record, controverted questions.

The appellant testified, in substance, that he had been for a period of about two years operating an incorporated athletic club in the basement of the building described in plaintiff's petition; that he was the manager of the club and his son was secretary, and they, together with L. J. Bailey, constituted the board of directors; that he received a salary of $250 per month, his son received $120 per month; that L. J. Bailey received no salary, but the rent paid was $60 per month; that the charter of the athletic club provided that: "The purposes for which it is formed is to operate and maintain an athletic club which may be equipped with wrestling mat, boxing gloves, punching bags, horizontal bars, indoor baseball, volley ball, shower bath, lockers, and together with such other equipment as is usually installed in connection with up to date athletic clubs and other innocent sports." That they kept no wrestling mat and had no room for shower baths, but had boxing gloves and somebody put on a pretty good sparring match at some time and that the punching bag was down; that the club had twenty-four lockers in which the cues and balls were locked up. That members of the club paid $2.50 a month dues and played the games of pool, dominoes, checkers, chess, and various pocket billiard games. That each member had a share of stock, but he did not know how much it was. That when the members played pool they would pay 10 cents, 20 cents, 30 cents, or 40 cents not for playing the game, but on their dues, but that no one paid anything on dues when they were playing any other game except pool.

It is not controverted that there were six pool tables kept in said place; that all of them were in use some of the time and part of them in use practically all the time when the club was open for business, and that it had been in operation continuously for about two years. That the appellant had occupied the building and had actually and habitually, for a period of about two years, operated and exhibited therein pool tables on which the game of pool was played, was not controverted. The appellant, in effect, admitted in his evidence that these facts existed.

" 'Where there is no conflict in the testimony, and no room to doubt or hesitate as to a matter of fact in issue, the Judge, in his charge, ought not to assume that it is or may be doubtful. Such a course is calculated either to confound the jury, by causing them to doubt the justice of their own clear convictions; or to mislead by inducing them to suppose they may find the fact either way, when the evidence warrants but one conclusion, and to find contrariwise would be to find manifestly against the evidence. The rule, which forbids the Judge to charge upon the weight of evidence, does not require or authorize him to assume as doubtful, that which is clear and indisputable; or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the Court should proceed upon that basis.' Wintz v. Morrison, 17 Tex. 372, 387, 67 Am. Dec. 658; Denham v. Trinity County Lbr. Co., 73 Tex. 78, 11 S. W. 151. See, also, Lamar v. P. & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34." Security Union Ins. Co. v. Hall (Tex. Civ. App.) 37 S.W.(2d) 811, 813.

Under this record and these authorities, we overrule these assignments.

The only controverted issues were whether the appellant was maintaining, operating, and exhibiting the pool tables for hire, revenue, and gain, or was operating a bona fide club. These controverted issues were submitted to the jury for its determination and were found against appellant on sufficient testimony to support the findings.

█ Under the record the appellant was maintaining and operating a "pool hall" as that term is defined by article 4668, R. C. S.

The appellant insists that in any event he is entitled to have the judgment of the trial

court reformed so as to prohibit only the matters and things condemned by the statute.

This contention we think is correct, and the judgment is here reformed and appellant permanently enjoined from operating and exhibiting pool tables or tables of any kind or character on which the game of pool or billiards may be played with cues and balls, and permanently enjoined from operating a "pool hall" in the basement of the building located at 1618 Main street in the city of Vernon, Wilbarger county, Tex., and as so reformed the judgment is affirmed.