### EX PARTE EARNEST GRIFFIN.

No. 917.    Decided December 7, 1910.

**Habeas Corpus—Contempt—Injunction—Insufficiency of the Evidence.**

Where it appeared on a habeas corpus proceeding where relator asked to be released from commitment under contempt of court, that he had not violated the writ of injunction issued against others and upon which he was fined for contempt and that he had not been served with notice of said writ the punishment was unauthorized.

From Johnson County.

Original proceedings in habeas corpus asking release from punishment of contempt of court for violating a writ of injunction.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an original writ of habeas corpus granted by Judge McCord and made returnable before the court.

Applicant was fined for contempt by District Judge Lockett for

the alleged disobedience of a writ of injunction. There was a petition filed by the county attorney of Johnson County alleging that local option was and had been in force in that county since June, 1904; that on the 11th day of December, 1909, applicant violated the provisions of the local option law in that on or about the 11th of July, 1910, he sold a quart of whisky to W. A. Webb at the Carroll drugstore and place of business; that said quart of whisky and intoxicating liquor was not sold on the prescription of a regular practicing physician, and that said violation of the law was a breach and violation of the conditions and provisions of the local option law above mentioned. His prayer was that the writ of injunction should be granted commanding and restraining applicant from selling or permitting to be sold, or kept for the purpose of the unlawful sale any intoxicating liquors at said place of business, etc. The fiat of the judge on the petition was to the effect that the injunction should be granted. Service was ordered of the writ, and return to be made of it at the next succeeding term of the District Court of Johnson County. This fiat was dated the 17th of December. It will be seen that the petition is somewhat confused in its statement as to dates, but the record fails to show that the writ was ever served upon the applicant. There is, as part of the record agreed to by counsel and endorsed by the district judge, a writ of injunction served upon Ward Roper and R. B. Roper, commanding them and their employes not to sell intoxicants in violation of the local option law in their place of business. It also appears as a part of the case under the above agreement, that J. K. Russell, assistant county attorney, being sworn, stated that on the 17th of December, 1909, a writ of injunction was issued directed to R. B. Roper and Ward Roper commanding them to refrain from selling intoxicating liquors in any place in Johnson County, and more particularly in their drugstore in Cleburne. This affidavit of Mr. Russell states further that these two parties, Ward Roper and R. B. Roper, had violated the injunction, and request was made for attachment against them for contempt. Judge Lockett thereupon ordered the writ of attachment issued requiring the arrest of the two Ropers and have them before him at the District Court room in the city of Cleburne on the 20th day of October, 1910, at ten o'clock a. m. This order was filed by the judge on October 19. Then follows the judgment of the court imposing the punishment. The record further shows as a part of the agreement approved by the judge, as above stated, that W. A. Webb, being sworn, testified that he knew applicant, and bought whisky from him in the city of Cleburne during the month of August, 1910, on the southwest corner of the square, and that at another time in June or July, 1910, he purchased whisky from applicant at what is known as the American Restaurant in the city of Cleburne. The State closed with this testimony, and the applicant offered no evidence.

Without discussing any of the legal questions urged and relied upon

by applicant, we are of opinion the evidence does not show that he violated any writ of injunction, and that the judge was unauthorized to impose the punishment for contempt. The record fails to show he was served with any notice of the injunction, and as the State seems to rely upon the injunction served upon the Ropers, there is nothing to show that this applicant was connected with the Ropers or was in their employ or sold whisky in the establishment which they owned or of which they had control. We are, therefore, of opinion the State has failed to show that applicant was subject to punishment under the facts.

Therefore it is ordered that he be discharged from custody.

*Relator discharged.*