SPENCE et al. v. FENCHLER et al.

(Court of Civil Appeals of Texas. El Paso.
Nov. 21, 1912. Rehearing Denied
Dec. 18, 1912.)

1. INTOXICATING LIQUORS (§ 274*)—PUBLIC
NUISANCE—INJUNCTION.

A private person, to be entitled to a tem-
porary injunction under Rev. Civ. St. 1911,
art. 4674 (1), providing that any person pur-
suing the business of selling intoxicating liq-
uors, without first procuring a license, creates
a public nuisance, and may be enjoined at the
suit of any private citizen, must allege that a
person named pursued the business of selling
intoxicating liquors without a license; and a
mere allegation in the petition that liquors are
kept for sale on premises described, without
defendant obtaining a license, is insufficient.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. § 410; Dec. Dig. § 274.*]

2. INTOXICATING LIQUORS (§ 261*)—RELIEF—
INJUNCTION—NUISANCE.

Rev. Civ. St. 1911, art. 4643, authorizing
the issuance of injunctions where the party ap-

plying therefor is entitled to the relief demand-
ed, does not authorize the court to enjoin a
public nuisance created by one pursuing the
business of selling intoxicating liquor without
a license, but the party seeking the remedy
must show himself entitled to the writ under
the general principles of equity, unless he brings
himself by pleading and proof clearly within the
letter of some statute enlarging the remedy.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. §§ 400, 401; Dec. Dig. §
261.*]

3. NUISANCE (§ 60*)—ABATEMENT—STATUTES.

Rev. Civ. St. 1911, art. 4689, providing
that the habitual use of any building for a
bawdyhouse shall be enjoined at the suit of
the state or any citizen, except where bawdy-
houses are regulated by ordinances of incorpo-
rated towns and cities acting under special
charters, makes bawdyhouses, except those so
situated, nuisances, subject to be abated by in-
junction at the suit of the state or any citizen;
and such right may be limited as is done in the
proviso.

[Ed. Note.—For other cases, see Nuisance,
Cent. Dig. § 137; Dec. Dig. § 60.*]

4. APPEAL AND ERROR (§ 920*)—REFUSAL OF
TEMPORARY INJUNCTION — ABUSE OF DIS-
CRETION—RECORD.

Where, in a suit to enjoin a public nui-
sance in pursuing the business of selling intoxi-
cating liquors without a license, and in main-
taining bawdyhouses, defendants, under oath,
answered that plaintiffs were not injured, either
in person or property, the court, on appeal
from a judgment denying a temporary injunc-
tion, will presume that the trial judge did not
abuse his discretion, in the absence of any state-
ment of facts, bills of exceptions, or findings of
fact in the record.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3714–3721; Dec. Dig. §
920.*]

Appeal from District Court, El Paso Coun-
ty; A. M. Walthall, Judge.

Action by Frank A. Spence and another
against Wm. H. Fenchler and another. From
a judgment denying an interlocutory injunc-
tion, plaintiffs appeal. Affirmed.

Gunther R. Lessing, of El Paso, for appel-
lants. Beall, Kemp & Parker, Joseph U.
Sweeney, Turney & Burges, and T. A. Fal-
vey, all of El Paso, for appellees.

HARPER, J. This is an appeal from an
order of the judge of the district court, El
Paso county, Forty-First judicial district, in
chambers, refusing to grant an interlocutory
injunction against W. H. Fenchler and Bess
Montell, appellees.

The appellants' petition sets up, first, a
claim for an injunction under articles 4689
and 4690, Revised Civil Statutes of Texas
1911, to restrain the maintenance of a bawdy-
house, which he alleges was rented by W. H.
Fenchler, or his agents, to said defendant
Bess Montell, and which said bawdyhouse
is in close proximity to certain property of
the appellants; second, that spirituous, vi-
nous, and malt liquors were kept for sale on
said property, 214 Broadway St., El Paso,
Tex., without the said defendants, or any one
holding under them, having obtained a li-

cense; and, third, under the general principles of law and equity, unaffected by statute, alleging that the keeping and maintaining of said bawdyhouse is a nuisance, and seriously damages and depreciates the rental and market value of plaintiffs' property, situated in close proximity to the said 214 Broadway, and makes the houses of the plaintiffs and others similarly situated unfitted for occupancy by respectable people, and that the rental and market value of their said property is greatly lessened by reason thereof, and seeks to have same declared a nuisance and enjoined.

Upon presentment of the petition to the judge in vacation, it was ordered that the clerk issue the usual notice to defendants to show cause why the injunction prayed for should not be granted, and set the same for hearing. Notice was given in accordance with the order of the court, and the parties defendant appeared and answered. Upon hearing the court refused the temporary writ, and entered the following order: " * * * On the 7th day of September, 1912, came on to be heard, in chambers, upon the petition of plaintiffs, and upon all the testimony before said judge, when, after having heard the pleadings and the several affidavits attached and the exhibits in support thereof and argument of counsel, the judge did then and there render judgment that said application for a temporary writ of injunction as prayed for be, and the same is hereby, refused." Whereupon. appellants gave notice and perfected their appeal, as the law required.

We shall not take up the questions involved in this appeal in the order in which they are presented in the assignments of error or the briefs of the parties, but in that order which seems to us most convenient.

[1] Appellants contend that they should have their writ upon the following allegations in their petition: "That spirituous, vinous, and malt liquors are kept for sale on the said property at 214 Broadway St., without the said defendants, or any one holding under them, having obtained a license."

Article 4674 (1) provides "that any person, firm or corporation who may engage in or pursue the business of selling intoxicating liquors, without having first procured the necessary license and paid the taxes required by law, are declared to be the creators and promoters of a public nuisance, and may be enjoined at the suit either of the county or district attorney in behalf of the state, or of any private citizen thereof."

Under this statute, for appellants to be entitled to a temporary writ of injunction, they must allege, under oath, that a certain person (naming him) did engage in or pursue the business of selling intoxicating liquors. The appellants only charge in their petition that spirituous and vinous and malt liquors are kept for sale on the said premises, without the said defendant, etc., obtaining a li-

cense. There is nothing to show that the appellees, or any one of them, was connected with the keeping for sale of any liquor, or that any person in their employ kept or sold intoxicating liquor at 214 Broadway. We are therefore of the opinion that plaintiffs have failed to, show that appellees were violating the statute. Ex parte Griffin, 60 Tex. Cr. R. 502, 132 S. W. 770.

[2] Appellants contend that any criminal act which is declared by the statute to be a nuisance is abatable at the instance of the state authorities, or any individual. This is not the law of this state. Article 4643, Stat. 1911, provides that judges of the district and county courts shall, either in term time or vacation, hear and determine all applications, and may grant writs of injunction, returnable to said courts, in the following cases: "1. Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the appellant. 2. Where, pending litigation, * * * a party is about to do some act, * * * which would tend to render judgment ineffective. 3. In all cases where the applicant may show himself entitled thereto under the principles of equity, and as provided by statutes in all other acts of this state, providing for the granting of injunctions."

[3] There being no statute applicable, the party seeking the remedy of injunction must show himself entitled to the writ under the general principles of law and equity; for, as was said by Justice Neill, in State v. Patterson, 14 Tex. Civ. App. at page 469, 37 S. W. at page 479: "It is only where property or civil rights are involved, and irreparable injury to such rights is threatened, or is about to be committed, for which no adequate remedy exists at law, that courts of equity will interfere by injunction for the purpose of protecting such rights. * * * But courts of equity never interfere for the purpose of restraining acts constituting crime because they are criminal; for they have nothing to do with crime as such." Our Legislature. has, in certain instances, enlarged this right since the above opinion was written, and assumes that any person within the jurisdiction is injured, and provides that he can make complaint and have the restraining order issued if he brings himself by pleading and proof clearly within the letter of the statute, and appellants urgently insist that article 4689, Rev. Civ. Stat. 1911, extends to them this statutory remedy. This statute reads as follows, to wit: "The habitual, actual, threatened or contemplated use of any premises, place, building or part thereof, for the purpose of keeping, being interested in, aiding or abetting the keeping of a bawdy or disorderly house, shall be enjoined at the suit of either the state or any citizen thereof: * * * Provided that the provi-

sions of this and the succeeding article shall not apply to nor be so construed as to interfere with the control and regulation of bawds and bawdyhouses by ordinance of incorporated towns and cities acting under special charters, and where the same are actually confined by ordinance of such city within a designated district of such city." The defendants, in order to bring themselves within the provision of the last clause of this statute, have pleaded, under oath, that El Paso, where the alleged bawdyhouse is situated, is a city incorporated under special charter and was regulating bawdyhouses by ordinance, and had confined same to a designated district, and that to grant an injunction would interfere with such regulation and the confinement of such houses to the limits designated by such ordinance, to which limits such houses are actually confined by virtue of such ordinance.

In one form or another, the propositions are announced that this statute, or, at least, the above-named portion of it, is unconstitutional and void.

Every possible phase of these questions was expressly decided or necessarily involved in Ex parte Allison, 99 Tex. 455, 90 S. W. 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 653, Id., 48 Tex. Cr. R. 634, 90 S. W. 492, 3 L. R. A. (N. S.) 622, 13 Ann. Cas. 684, construing a similar statute, and any further discussion by us would be entirely superfluous. But, in view of a trial on the merits, will add that the exact question here raised was raised by exception and passed on by the court in the case of Lane v. Bell, 53 Tex. Civ. App. 213, 115 S. W. 918; i. e.: "The trial court erred in holding that the premises described in the plaintiff's petition under the answer of defendants was exempt from the operation of the statute, because said proviso is invalid, in that the caption of the said House Bill No. 10, 30 Leg. Laws 1907, states that the writ of injunction may issue at the suit of the state or any citizen to prevent the use of any building, while article 362a of said Bill No. 10 provides, in substance, that such injunction shall not issue as to houses situated in an incorporated city or town acting under a special charter, etc. * * * Therefore said House Bill No. 10 is violative of article 3, § 35, of the Constitution of this state, which is as follows: 'No bill (except general appropriation bills * * *) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in the act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.'"

The right to suppress, by injunction, the running of a bawdyhouse is mentioned in the title of the bill, and in that opinion the court says: "We fail to see how the fact that under possible contingencies the title would embrace more territory than the act itself would render the act repugnant to that portion of the article of the Constitution, above quoted, which renders void any subject embraced in the act which is not mentioned in the title."

The Legislature, in passing this statute, intended to and did declare all bawdyhouses within the state, except those situated within a designated district of incorporated cities and towns, to be nuisances, and subject to be abated, under the provisions of this statute, by injunction at the suit of either the state or any citizen, and we hold that the Legislature had the right, under the Constitution, to so limit the extent of the statute, and that it was properly done; for it will be presumed that cities of over 10,000 inhabitants, with ample police power, could and would regulate and control such places, and that the other parts of the state are not so likely to be so well policed, and such houses would, in fact, be such a nuisance as that any citizen should have the right to enjoin them from operation.

[4] Under the proposition that appellants are entitled to the temporary writ under the general principles of law and equity, we hold that the answer of defendants, under oath, "that the plaintiffs have not been injured, either in person or property," and there being no statement of facts, bills of exceptions, or findings of facts by the judge in the record, it will be presumed that the judge refusing the temporary order did not abuse his discretion. Whitaker v. Gee, 61 Tex. 219.

Appellees raise the question by exception that appellants have not made proper allegation of citizenship, and that therefore they are not entitled to the relief prayed for. Without passing upon the merits of the assignment, we suggest that more definite allegation as to citizenship of the plaintiffs should be made in a trial upon the merits.

In conclusion will say that the other questions raised by the parties are not material to proper disposition of this appeal, and we will not pass on them.

Affirmed.