LAURA M. AND JULES A. RANDALL v. JOHN CARLISLE.

(Case No. 1587.)

1. ASSIGNMENTS OF ERROR.— The statutes and rules regulating assignments of error were made to facilitate the court in despatching its business; and where, as in this case, every assignment is, by reason of its generality, violative of the statute and rule of court, they will not be considered. See opinion for the character of the assignments.

APPEAL from Fort Bend. Tried below before the Hon. Wm. H. Burkhart.

*Weston & Parker* and *W. L. Davidson,* for appellants.

*Sayles & Bassett,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— In view of the fact that this case will not be critically considered upon its merits, under the assignments of error, for the reason that there are no such assignments of errors as the court can recognize, we deem it proper to set out the assignments and state so much of the record as may be necessary to show that the assignments do not comply with the statutes regulating that subject, either in letter or spirit.

The first assignment is: "The court erred in refusing to give the charges asked by the plaintiff."

There were five separate and distinct charges asked by the plaintiff, and refused by the court upon the ground that they were not applicable to the case.

The second assignment of error is: "The court erred in its charge to the jury, because the charges given are not only not the law, but are calculated to mislead the jury, and a portion of them are direct commentaries upon the weight of evidence."

Wherein are the charges incorrect in law? What portion of, and wherein, was the charge calculated to mislead the jury? What portion of the charge was a comment on the weight of evidence? Of this the assignment does not inform us.

The charge was somewhat lengthy, as it was perhaps necessary to make it, to present the law as the court considered it to be in reference to the several tracts of land in controversy, and the questions bearing upon title thereto; and it outlined many separate legal propositions.

The third assignment is: "The judgment is contrary to the law and the evidence."

Wherein contrary, either upon point of law or evidence, or the one applied to the other, the assignment does not in any manner indicate.

The fourth assignment is: "The court erred in refusing plaintiffs a new trial."

The record shows that a motion for new trial was overruled, but there is nothing in the record to show what the motion was. What the court below may have acted upon this court is not advised by

the record. Whether there were one or one hundred grounds for new trial urged we cannot tell. That there was even a written motion, as the law requires, the record does not evidence.

The statute, R. S., 1037, and Rules 23, 24, 25, 26 and 27, clearly point out the manner and certainty which should be observed in making assignments of error, and in almost every particular the statute and rules have been disregarded in this case.

Rule 26 provides that "assignments of error which are expressed only in such general terms, as that the court erred in its rulings upon the pleadings, when there are more than one; or in its charge, when there are a number of charges; or the verdict is contrary to law, or to the charge of the court, and the like, without referring to and identifying the proceeding, will not be regarded by the court as a compliance with the statute, requiring the grounds to be distinctly specified, and will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed."

The statute and rules were made not only to facilitate the court in the dispatch of business, but to enable opposing counsel to definitely know what points of fact or law are relied upon for a reversal, that they may prepare to meet them.

We have looked into the record, and find no error of law apparent upon it which would require a reversal, and the judgment being such as could legally have been rendered by the district court upon the case made, the judgment is affirmed.

AFFIRMED.

[Opinion delivered March 6, 1883.]