### Jot Gunter v. S. A. Lillard & Co.
#### No. 29.

**1. Pleading Note — Variance.** — The note sued on was described in the pleading as payable to "the bearer or E. H. & W. D. Wheeler." As offered in evidence it was payable "to bearer E. H. or W. D. Wheeler." *Held*, there was no material variance.

**2. Same—Exhibit—Surprise.**—Where the note sued on was attached to the original petition, and in an amended petition, on which the case was tried, was referred to as "attached thereto," though not in fact attached, the mistake in describing the note as above stated could not be a ground of surprise to the defendant.

**3. Assignment of Error.** — That "the court erred in holding that the notes sued on are secured by a vendor's lien upon the land in controversy," is an assignment of error too general to be entitled to consideration.

APPEAL from Wise. Tried below before Hon. J. W. PATTERSON.

*Robertson & Coke*, for appellant.— 1. There was variance between the note as pleaded and that as proved. 1 Greenl. on Ev., sec. 66; Dist. Ct. Rule No. 14; Warren v. Scott, 32 Iowa, 22; 1 Rand. on Com. Paper, sec. 160.

2. The note in evidence was not a sufficient memorandum of the sale of the land by the Wheelers to Cox under the statute of frauds. Bradley v. Owsley, 74 Texas, 69.

*Carswell, Fuller & Terrell* and *A. M. Jackson, Jr.*, for appellees.

1. There was no variance, the legal effect of the note as described in the pleading and as proved in evidence being the same. The note was attached to the pleadings in the case, and the court found as a matter of fact that appellant knew of the execution of the note when he acquired his claim to the land. Wiebusch v. Taylor, 64 Texas, 55, 56.

2. Appellant having purchased from Vernon by quitclaim deed, after the repossession by the Wheelers, and the abrogation of Vernon's title, and after the sale of the land to Cox, with full knowledge of all these matters, acquired no right or claim whatever to the land. Crutchfield v. Donathon, 49 Texas, 696, 697.

STEPHENS, ASSOCIATE JUSTICE.— Appellees, S. A. Lillard & Co., brought this suit in the District Court of Wise County, upon a promissory note in the sum of $100, against W. H. Cox, as maker of said note, and sought to foreclose an alleged vendor's lien on 80 acres of land situated in said county, against appellant, Jot Gunter, and his tenant, J. E. Cook. At the February Term, 1890, of said court, a judgment was rendered in favor of appellees for the amount of the note against Cox, and against the other defendants, foreclosing the lien on said land; the defendant Cox having made default and Cook having filed a disclaimer. The cause was tried without a jury, and is brought here by appellant, without any statement of facts, upon the trial court's conclusions of law and fact.

It appears from the bill of exceptions in the record that plaintiffs below read in evidence, over the objection of appellant on the ground of a variance, the note upon which the suit was founded, which by its terms was made payable as follows, "to bearer E. H. or W. D. Wheeler." This note had been attached to the first amended original petition, to which it was at that time still attached. The suit was tried upon a second amended original petition, which is the only petition of appellees in the record; and in that petition the note was described as being payable to the "bearer or E. H. & W. D. Wheeler." The note in this second amended petition was otherwise accurately and fully described, and was referred to as being thereto attached. Besides assigning error upon the admission of this evidence, appellant made the following assignment: "The court erred in holding that the notes sued on are secured by a vendor's lien upon the land in controversy." No other assignments are contained in appellant's brief.

We here refer to and adopt the conclusions of fact filed in the court below as our conclusions of fact.

Appellant insists that the court erred in overruling his objection to the introduction in evidence of the note sued upon, on the ground of a variance between it and the description of it in the petition, and cites us to the case of Warren v. Scott, 32 Iowa, 22. In that case the promise

was, to " pay to the bearer, M. C. Murdough," and it was held that its legal effect was the same as though the word " bearer " had been omitted. It seems to us that there is a difference in the effect of the language employed in that note and the one herein sued upon. As we construe this note, it is equivalent to a promise to pay to E. H. Wheeler or W. D. Wheeler or bearer, and is a negotiable note. The one described in the petition is correctly interpreted by appellant to read to E. H. Wheeler and W. D. Wheeler or bearer. The note as described and the note as introduced in evidence are alike negotiable and payable to bearer, and are substantially the same. Certain it is, that there is no such difference between them as to mislead or surprise appellant, which is the test laid down by our Supreme Court. Patterson v. Taylor, 64 Texas, 55. As bearing upon this question of surprise, we think that the fact of its being filed as an exhibit to the pleading, superseded by the second amendment, and again referred to in the said second amendment as attached thereto, might be properly considered without violating any of the rules of pleading prescribed for the District Court.

The appellees object to our considering the propositions submitted by appellant under the assignment quoted above. We are of opinion that this assignment is too general. The matter in litigation in the trial court involved the validity of the alleged lien on the land in controversy. Nothing else was controverted. We think this assignment is equivalent to an assertion that the court erred in rendering judgment against appellant. He caused the court to file conclusions of law and fact, in which were set forth the different grounds upon which the judgment foreclosing said lien was rested. We think if appellant desired us to review any of these several grounds or propositions he should have designated by his assignment the ground or grounds of error relied upon; otherwise, conclusions of law and fact would be useless. We have, however, examined the record sufficiently to satisfy us that no material error was committed by the court below in foreclosing said lien.

It is concluded that the judgment appealed from should in all things be affirmed.

*Affirmed.*

Delivered November 15, 1892.