Henry Watzlavzick v. D. & A. Oppenheimer et al.

Decided February 15, 1905.

**1.—Judgment on Note—Appeal—Damages for Delay.**

In an action on a note, it appeared that it was given for a valuable consideration, without fraud or misrepresentation on the part of the payee, and was indorsed to plaintiffs as collateral security for a debt of less amount, the remainder being assigned by the indorser to intervener to secure an indebtedness due him. Judgment was for plaintiffs, against the maker and indorser, for the amount of their note, with interest and attorney fees, and for intervener for the remainder, and execution was awarded each separately. The maker furnished supersedeas bond, and, on the appeal, the validity of plaintiff's judgment was not questioned, but the only objections urged were to the judgment in favor of intervener and the refusal to render judgment in favor of the maker against the indorser (payee) on his cross-plea of fraud in the procurement. Held, that the joinder of plaintiffs in the appeal was merely to delay them in the collection of their judgment, for which, judgment being affirmed, ten per cent damages as to the portion in favor of plaintiffs will be added.

**2.—Assignments of Error—Rules of Court.**

Under rules 24 and 25 for Courts of Civil Appeals, assignments of error objecting that the judgment allowed a recovery in favor of an intervener, in an action on a note, for the amount of his claim, and refused a recovery in favor of the maker against the payee, who indorsed it to plaintiffs, without more specifically showing wherein there was error, are too general to be considered.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*C. L. Bass,* for appellant.

*Shook & Van der Hoeven,* for appellees Kaufman and D. & A. Oppenheimer.—1. Appellant's assignments of error are not entitled to consideration because they do not distinctly specify the error relied on. Rev. Stats., art. 1018; Rules 24, 25 and 26, for Courts of Civil Appeals, 94 Texas, 659; Cartmell v. Gammage, 64 S. W. Rep., 315, 316; Wetz v. Wetz, 66 S. W. Rep., 869, 870; Laux v. Laux, 19 Texas Civ. App., 693, 694; Yarborough v. De Martin, 67 S. W. Rep., 177; Williams v. Yoe, 22 Texas Civ. App., 446, 447; Liner v. Land Mortgage Co., 68 S. W. Rep., 311, 314; Cline v. Hackbarth, 30 Texas Civ. App., 591, 594; City of Palestine v. Addington, 75 S. W. Rep., 322; Mood v. Hahn, 25 Texas Civ. App., 474, 475; Land Co. v. McClelland, 86 Texas, 179, 189; Mynders v. Ralston, 68 Texas, 498, 499; Land Co. v. Chisholm, 71 Texas, 523, 528; Legion of Honor v. Rowell, 78 Texas, 677; Douglass v. Duncan, 66 Texas, 122, 123.

2. So conclusively do the former decisions of Texas settle the law as applicable to cases of this character, and so plainly does it appear that the judgment of the court below in this case is in exact conformity with those decisions, that we can not but believe that this appeal was taken simply for delay, insofar as concerns these appellees, D. & A. Oppenheimer. Art. 1024, Rev. Stats.; Rule 43, Courts of Civil Appeals, 94 Texas, 662; Broocks v. Masterson, 82 S. W. Rep., 822; White v. Dienger,

25 S. W. Rep., 666; Graves v. Cameron, 77 Texas, 273, 275; Marx v. Brown, 42 Texas, 111, 112; Brown v. Hancock, 13 Texas, 21, 22.

*David W. Stafford,* for appellees Benjamin Dubinski and Dubinski Electric Works.

FLY, ASSOCIATE JUSTICE.—D. & A. Oppenheimer instituted this suit against Henry Watzlavzick, Benjamin Dubinski and the Dubinski Electric Works, on a promissory note for $2,000, dated November 13, 1902, payable six months after date, said note having been executed by Henry Watzlavzick to Benjamin Dubinski, and having been endorsed by Dubinski to the Dubinski Electric Works, and by the latter endorsed to D. & A. Oppenheimer. Louis Kaufman intervened in the suit, alleging that the note sued on had been transferred to D. & A. Oppenheimer as collateral security for a debt of about $1,200 due by Dubinski and Dubinski Electric Works to them, and that on May 12, 1903, Benjamin Dubinski had assigned to intervener his remaining interest of $800 in said note. A trial by the court resulted in a judgment in favor of D. & A. Oppenheimer and Kaufman in the sum of $2,000, with interest and attorneys' fees as against appellant, it being recited that out of said sum D. & A. Oppenheimer were entitled to $1,368, and Kaufman was entitled to the remainder, $1,114.65; and in favor of D. & A. Oppenheimer as against appellees, Dubinski and the Dubinski Electric Works for $1,368, and in favor of Kaufman for $1,114.68 as against the same parties. The judgment also protected the indorsers as against appellant.

Appellant in his answer set up that Dubinski by fraud and misrepresentation had induced him to sign the note and that there was no consideration for the same and that D. & A. Oppenheimer and Kaufman were not innocent purchasers of the note for value without notice. In the alternative he prayed for judgment against Dubinski for any sum that might be recovered on the note. This was denied him by the judgment.

We find from the facts in the record that appellant executed the note for $2,000 to Benjamin Dubinski for a one-fourth interest in a patent for a certain alarm clock, known as the "Electric Program Clock," and certain personal property connected therewith, that the patent and property were actually worth from $8,000 to $10,000 and that no fraud or misrepresentations were used by Dubinski to induce appellant to execute the note. We further find that the note was endorsed on the day it was executed by Benjamin Dubinski to Dubinski Electric Works and by it immediately endorsed to D. & A. Oppenheimer before maturity, and the same placed with said D. & A. Oppenheimer as collateral to secure a debt for $500 due by Dubinski to D. & A. Oppenheimer and a note given at the same time by Dubinski to them for $600. At the same time that the latter note was executed the payment of the first was extended by D. & A. Oppenheimer so as to fall due on same date as the $600 note. On May 12, 1903, before the note for $2,000 given by appellant was due, Dubinski gave a written transfer to Kaufman of the surplus of said note that might remain due after the debt due D. & A. Oppenheimer was paid, to secure a debt that had been due by Dubinski to Kaufman for several months. If there had been any fraud in procuring

the execution of the note by appellant, or if there had been a lack of consideration, neither D. & A. Oppenheimer nor Kaufman knew it at time of the assignment of the note, nor until after the note became due.

The three assignments of error contained in the brief are as follows:

1. "The court erred in rendering a judgment in favor of intervener, Kaufman, to the effect that he is entitled to recover $1,114.65, with 8 percent interest thereon against defendant, Watzlavzick."

2. "The court erred in rendering a judgment against the defendant, Watzlavzick, to the effect that he take nothing on his cross-action against defendant, Benjamin Dubinski."

3. "The court erred in rendering a judgment against the defendant, Watzlavzick, to the effect that he take nothing in his cross-action against the defendant, the Dubinski Electric Works."

· The whole record would have to be consulted in order to reach the points aimed at in the assignments of error. Rule 25 for the Courts of Civil Appeals is as follows: "To be a distinct specification, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to." The kind of assignments of error found in the brief of appellant has often been condemned and not considered by Appellate Courts, because obnoxious to the requirements of the foregoing rule as well as those of rule 24. (Douglass v. Duncan, 66 Texas, 122; Mynders v. Ralston, 68 Texas, 498; Falls L. & C. Co. v. Chisholm, 71 Texas, 523; American Legion of Honor v. Rowell, 78 Texas, 677; Cartmell v. Gammage, 64 S. W. Rep., 315; Liner v. Land Mortgage Co., 29 Texas Civ. App., 187, 68 S. W. Rep., 311.)

It is true that in Land Co. v. McClelland (86 Texas, 179) it was held that an assignment to the effect that the court erred in giving a certain charge, without giving reasons therefor, was sufficient, but the reasoning employed as to the assignments attacking certain paragraphs of a charge will not apply to one that either seeks to raise the question as to the sufficiency of evidence to sustain a judgment or to attack the law as applied by the court to the facts without in any manner designating the error. In discussing the question of the sufficiency of assignments to present errors in a charge none of the decisions of the Supreme Court herein cited is referred to and it is clear that it was not thought there was any conflict between that and the former opinions as the decisions bearing on the subject of charge were reviewed. We take it, therefore, that they have not been disturbed by any later decision, as more fully appears from the refusal of writs in the cases from Courts of Civil Appeals, wherein similar assignments of error to those herein copied have not been considered by the courts.

While the assignments of error are so faulty as not to demand notice, our conclusions of fact effectually dispose of them and show that the judgment was properly rendered, according to law and facts.

There are no assignments of error that even attempt to question the validity of the judgment as to D. & A. Oppenheimer, but the suggestion of delay opens up the record as to them for scrutiny as to any error that might have occurred in the trial of the cause in connection with their judgment. A close inspection of the record fails to disclose any error. D. & A. Oppenheimer were bona fide purchasers for value of the note given by appellant, without notice of any fraud or misrepresentation inducing its execution, or that its consideration had failed. (Prouty v. Musquiz, 94 Texas, 87; Brown v. Thompson, 79 Texas, 58; Kauffman v. Robey, 60 Texas, 308.)

In this case a judgment was rendered for a certain sum in favor of D. & A. Oppenheimer and an execution awarded them, separate and distinct from the execution awarded Kaufman. The first named parties could have collected their money long since if they had not been prevented by the supersedeas bond given by appellant which effectually tied them up in an appeal in which no complaint is raised against their judgment, or objection urged to its validity. Appellant could have had the judgment in favor of Kaufman reviewed, without interfering with the judgment of D. & A. Oppenheimer and it is clear that he has impeded them in the collection of their judgment merely for delay.

The judgment of the District Court will be affirmed, with 10 percent damages on that portion of it in favor of D. & A. Oppenheimer upon a suggestion of delay on their part.

*Affirmed.*

Writ of error refused.