**CITY NAT. BANK OF GALVESTON v. YOUNG. (No. 279-3517.)**

(Commission of Appeals of Texas, Section B. Feb. 15, 1922.)

1. Pleading ⬅248(7)—Omission to attach account to amended petition held not to indicate new cause of action.

Where the original petition by a bank stated defendant was indebted to the bank upon an account thereto attached, the fact that no account was attached to an amended petition to recover the same amount on an account from the same defendant does not affect the identity of the causes of action stated in the two petitions.

2. Process ⬅6 — Allegations of fraud in amended petition held not to state new cause of action requiring new service of process.

Where the original petition simply alleged an indebtedness by defendant on an account, an amended petition upon the same count which alleged that defendant was not lawfully entitled to

draw the amount of the indebtedness from the bank, and that it was drawn unlawfully, and by fraud and misapplication of the funds and credits of the bank, without alleging by whose fraud the account was withdrawn, does not state a new cause of action, so as to render void a default judgment thereon without new service on defendant.

3. Bankruptcy ⬥⟶423(2)—Recitals held not to show debt was fraudulently contracted.

Recitals in a default judgment for an account due a bank that the indebtedness was procured unlawfully, and by misapplication of the funds,. credit, and property of the bank, does not find any fraud by defendant which would prevent his discharge in bankruptcy from operating as a bar to the judgment under Bankruptcy Act, § 17a(2) as amended (U. S. Comp. St. § 9601).

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by E. H. Young against the City National Bank of Galveston, to vacate a judgment. A judgment for defendant on sustaining general demurrer to the petition was reversed by the Court of Civil Appeals (223 S. W. 340), and the case remanded for new trial, and defendant brings error. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed.

Jas. B. & Chas. J. Stubbs, of Galveston, for plaintiff in error.

Muse & Muse,. of Dallas, for defendant in error.

HAMILTON, J. This is an action to vacate a judgment rendered five years before the filing of the suit.

On January 4, 1912, plaintiff in error filed in the district court of Galveston county, Tex., omitting the caption, the following petition:

"The petition of the City National Bank of Galveston, a corporation, plaintiff, complaining of E. H. Young, defendant, respectfully represents:

"That plaintiff and defendant are residents of Galveston county, Tex.

"That heretofore, on, to wit, the 31st day of July, 1911, and on various days prior thereto, defendant became indebted to the Galveston National Bank in the sum of $159,434.50, the balance of the account hereto annexed, marked Exhibit A, and referred to as a part hereof.

"That on or about said date the Galveston National Bank assigned and transferred said claim and debt to the City National Bank of Galveston, which is now the holder and owner of said claim, whereby defendant became liable and promised to pay plaintiff the sum of $159,-434.50."

Attached to this petition as Exhibit A was an itemized statement of Young's debits and credits with the bank, showing a balance due by him in the sum named in the petition. Citation was issued, which was served on Young January 27, 1912. On De-

cember 7, 1912, plaintiff in error filed an amended petition, which, omitting caption, reads:

"Now comes the City National Bank of Galveston, duly incorporated, plaintiff, complaining of E. H. Young, defendant, and with leave of the court files this its first amended petition, in lieu of original petition filed January 24, 1912, and respectfully represents:

"That plaintiff and defendant are residents of Galveston county, Tex.

"That heretofore, to wit, on the 31st day of July A. D. 1911, and on various days prior thereto, defendant became indebted to the Galveston National Bank in the sum of $159,434.-50, the balance of the account hereto attached, marked Exhibit A, and referred to as a part hereof.

"That the Galveston National Bank was a National Banking Corporation, and under the National Banking Laws.

"That defendant was not lawfully entitled to draw the amount of the indebtedness sued for, and said amount was drawn and procured unlawfully and by fraud and misapplication of the funds and credits and property of said bank and the proceeds thereof.

"That on or about July 31, 1911, the Galveston National Bank assigned and transferred said claim and debt and all of its rights and remedies thereunder to plaintiff herein, and plaintiff is the owner and holder of said claim and debt and all rights and remedies thereto.

"Whereby defendant became liable and promised to pay plaintiff the sum of $159,434.50, together with interest thereon, but to pay the same or any part thereof defendant has wholly failed, to plaintiff's damage in said sum."

The exhibit referred to in the amended petition was not attached.

No answer was filed, and, on February 8, 1913, the court entered judgment by default, which, omitting formalities, is as follows:

"On this day came on to be heard the trial of the above cause, and plaintiff being represented by counsel, and defendant, though duly served with citation, having failed to appear and answer herein, wholly made default, and plaintiff having announced ready for trial, the cause proceeded, and the pleadings and proof having been heard and fully considered, and it appearing to the court that the defendant, E. H. Young, is indebted to the City National Bank of Galveston in the sum of $159,434.50, which sum plaintiff is entitled to recover from defendant, and it further appearing that said indebtedness was procured unlawfully and by misapplication of funds, credit, and property of the Galveston National Bank, and that said indebtedness, together with all the rights of the Galveston National Bank, were transferred to the plaintiff, the City National Bank of Galveston:

"Now, therefore, it is ordered, adjudged, and decreed that the City National Bank of Galveston, plaintiff herein, do have and recover of and for the said E. H. Young, defendant herein, the sum of $159,434.50."

On March 18, 1918, defendant in error filed this suit, attacking the above judgment as

void, and praying for judgment decreeing it void, on the ground that the amended petition set up a new cause of action of which he had no notice. The trial court sustained a general demurrer to defendant in error's petition, and rendered judgment accordingly. Young appealed, and the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for trial. 223 S. W. 340.

The ground of the Court of Civil Appeals' holding is that the amended petition did set up a new cause of action authorizing "a more onerous judgment against defendant in error than could before have been rendered against him because originally the suit against him was a simple action for debt, while under the amendment it was, in effect, a cause of action founded upon a liability alleged to have arisen out of his willful and malicious injury to, or his larcenous conversion of, the bank's property within the scope and meaning of paragraph 2, § 17a, of the amended federal Bankruptcy Act (U. S. Comp. St. § 9601). The portion of that act pertinent to this matter is as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as: * * * (2) Are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another," etc.

[1] The cause of action, as alleged in the original petition, was for the balance of an account due by Young to the bank in the sum of $159,434.50. The account is attached to the petition showing daily debits and credits. The debit on August 1, 1911, was $167,991.84, and the credit on the same date was $8,557.33. The difference between these two leaves the real debit balance sued for, $159,434.51. The cause of action alleged in the amended petition is one for the balance of an account due by Young to the bank in the sum of $159,434.50. The balance of account alleged in the original petition to be due the bank by Young is the same balance of account alleged in the amended petition to be due the bank by Young. The fact that the statement referred to in the petition was not attached cannot create any doubt that the statement referred to is the same statement as that attached to the original petition.

[2] The allegation "that defendant was not lawfully entitled to draw the amount of the indebtedness sued for," to our mind, can mean but one thing, namely: That the Galveston National Bank was not legally permitted to extend credit to Young in the amount of this balance. The allegation certainly does not charge defendant with any misconduct. The remaining portion of the new matter inserted in the amended petition, "and said amount was drawn and procured unlawully and by fraud and misapplication of the funds and, credits and property of said bank and the proceeds thereof," states nothing more than mere conclusions, without setting out any acts or conduct of defendant authorizing, in the remotest degree, any such conclusions, and without sufficient clearness to show whose fraud and misapplication of funds, etc., is referred to. None of these new allegations change the original cause of action. Under the allegations in the amended petition no fraud on Young's part could have been proved, because it is clear to us that none is charged, against Young.

[3] Neither does the judgment find or decree that Young's liability was "for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." The portion of the judgment reading, "and it further appearing that said indebtedness was procured unlawfully and by misapplication of funds, credit, and property of the Galveston National Bank," fails to find or charge anything as against Young. The language, if it means anything, must mean that the "indebtedness was procured" by the bank, and not by Young. Young procured the money, and not the indebtedness. It can mean no more than that the bank officials violated the law in extending Young so much credit, and that Young aided and abetted them. It does not find by whose "unlawful" acts or "by whose misapplication of funds, credit, and property" and indebtedness was "procured."

The question of Young's release from this debt or judgment by a discharge in bankruptcy cannot be adjudicated in this case, because it was not before the trial court, and, of course, is not before this court, but, as bearing upon the determination of the effect of the amended petition, we think that none of the acts charged in that petition come within the purview of paragraph 2, § 17a of the amended federal Bankrutcy Act.

The provisions of the Bankruptcy Act as to debts not affected by discharge, as set forth in section 17(2), were construed by the United States Supreme Court in Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586. Justice Harlan, speaking for the court, used this language:

" 'Fraud' referred to in that section means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, * * * not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality. Such a construction of the statute is consonant with equity, and consistent with the object and intention of Congress in enacting a general law by which the honest citizen may be relieved from the burden of hopeless insolvency. A different construction would be inconsistent with the liberal spirit which pervades the entire bankrupt system."

No new cause of action having been set up by the amended petition, we recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.