**CHAPMAN, State Com'r of Banking, v. REESE. (No. 1164.)\***

(Court of Civil Appeals of Texas. Beaumont. Jan. 8, 1925. Rehearing Denied Jan. 28, 1925.)

1. **Appeal and error** &#9682;&#8658;731(5)—**General assignments of error complaining of findings held insufficient.**

Assignments of error, complaining of court's findings of certain facts without stating respect in which evidence fails to support such findings, *held* insufficient, because too general.

2. **Appeal and error** &#9682;&#8658;731(2)—**Assignment of error, complaining of conclusion of law, held insufficient.**

Assignment of error that court erred in concluding as a matter of law that certain facts constituted payment on assessment levied against holder of stock in insolvent bank, without specifying why conclusion was not correct, and why judgment was rendered erroneous by such conclusion, *held* insufficient.

3. **Banks and banking** &#9682;&#8658;63½—**Certificate of deposit, accepted by liquidating agent in part payment of assessment against stockholder, held to constitute payment.**

Certificate of deposit, accepted by liquidating agent, as special agent of commissioner of banking in charge of affairs of insolvent bank, as part payment on assessment levied against stockholder, constituted payment, unless there was some fraud, accident, or mistake, or some other reason that avoided the agreement.

4. **Appeal and error** &#9682;&#8658;742(6)—**Insufficient assignment of error that court erred in concluding as matter of law that certain facts constituted payment held not aided by proposition.**

Insufficiency of assignment of error that court erred in concluding as matter of law that certain facts constituted payment on assessment against stockholder of insolvent bank, for failure to point out particular in which court

erred, was not aided by proposition that, in action on such assessment, "it is error for the court to conclude as matter of law, that" such facts, stated as in assignment, "constituted payment" of assessment; the proposition being no more specific than the assignment.

**5. Appeal and error ⬤⇒742(1)—Propositions will not be looked to, to assist assignments, when too general.**

Propositions will not be looked to, to assist assignments, when too general.

Walker, J., dissenting.

Appeal from District Court, Tyler County; J. M. Combs, Judge.

Suit by J. L. Chapman, State Commissioner of Banking, in charge of the affairs of the Tyler County State Bank, insolvent, against M. M. Reese. From judgment giving him insufficient relief, plaintiff appeals. Affirmed.

W. J. Rogers, of Eastland, for appellant. Mooney & Smith and J. E. Wheat, all of Woodville, for appellee.

O'QUINN, J. J. L. Chapman, commissioner of banking for the state of Texas, in charge of the affairs of the Tyler County State Bank, insolvent, sued M. M. Reese, a stockholder in said bank, to recover the sum of $1,991.45, alleged to be a balance due on an assessment levied on the stock owned by Reese. Reese owned 40 shares of the stock of said bank at the time it ceased to do business and was taken in charge by the commissioner. The assessment was in the sum of $4,000. Reese, at the time the bank closed, had on deposit in said bank, subject to his check, $1,008.55. His wife had a checking account in said bank in the sum of $1,-000. Both of these were applied on the assessment, leaving a balance of $1,991.45, the amount sued for.

The defendant, Reese, answered by general demurrer, general denial, and plea of payment, as follows:

"III. Further answering herein, this defendant says: That if he ever was indebted to the plaintiff that the same has been fully paid off and discharged during the year 1921, as follows: The sum of $1,040 in cash and another sum of $1,000 in cash, and another sum of $1,000, or which was evidenced by a certificate of deposit issued by the Tyler County State Bank, and which had matured more than three years before the date of its delivery, as aforesaid, and which was due and payable to this defendant out of the guaranty fund, which was then and there in the hands of the plaintiff at the time of its said delivery, and which said certificate was accepted by the plaintiff, or his predecessors in office, as a cash payment of $1,000. That said certificate, so delivered as aforesaid, was retained by the plaintiff, and the proper credit therefor entered on the books of the bank for the benefit of this defendant. That he was thereby deprived of his legal

right to enforce his claim against the said department and said guaranty fund until the statutes of limitation would not permit him to enforce the claim aforesaid, and that said plaintiff still has in his possession the said certificate. That on the said date was a further payment of $600 in cash paid to the plaintiff, his agents or representatives, and which was accepted by the said parties as a part payment for whatever sum of money was due and owing by this defendant at the time. That certain Liberty bonds issued by the United States government, a more specific description this defendant is unable to give, for the reason that said property was delivered to plaintiff and no description of which was retained by him of their numbers or face value, and which said property is in the hands of the plaintiff, was accepted by the plaintiff as a payment of such indebtedness as was then due and owing by this defendant, if any, in the sum of $1,000, making an aggregate payment of $4,640 paid to plaintiff, and all of which was accepted by the plaintiff in full settlement, satisfaction, and discharge of any and all obligations due by the defendant to this plaintiff."

The defendant further pleaded:

"IV. This defendant further says that, having accepted the sums of money and property hereinbefore mentioned and prevented this defendant from exercising his legal rights in the protection thereof and collection thereon, he has been deprived of valuable property, which the plaintiff still retains possession of or has converted into cash, and is estopped to deny that he was not authorized to so accept the same, and in the event said plea of estoppel is not sustained, then and in that event this defendant prays for judgment for the value thereof, and especially the time certificate of the value of $1,000 and the Liberty bonds of the value of $1,000, aggregating the total of $2,-000, and that such sum of money be adjudged as an offset as against any sum of money which may be found by the court to be due and owing the plaintiff by reason of the alleged assessment set out in plaintiff's petition, and of this puts himself upon the country."

To this answer, plaintiff replied by supplemental petition containing a general denial of the several matters of defense pleaded, and several special exceptions and pleas which need not be set out. The case was tried before the court without a jury, and at the conclusion of the evidence, and before the rendition of judgment, defendant abandoned his plea as to the Liberty bonds, but insisted upon his pleas of all other payments. The court sustained the payment of $600 and $1,040, represented by the time certificate of deposit, and rendered judgment for plaintiff for $351.45. From this judgment, plaintiff has appealed.

At the request of plaintiff, the court made and filed his findings of fact and conclusions of law, which, so far as is necessary to set out, are:

"III. That on the 7th day of April, 1921, the banking commissioner levied an assess-

ment equal to the par value of all outstanding stock, including a $4,000 assessment against the defendant, M. M. Reese.

"I further find, as a matter of fact, that the defendant, M. M. Reese, has paid the total sum of $3,648.55 on said assessment, leaving a balance of $351.45 of the principal sum still unpaid; that said payments were made as follows: That on the 23d day of April, 1921, the banking commissioner, through his agent, charged the checking account of the defendant, M. M. Reese, with $1,008.55, being the balance to his credit in checking account at the time said bank closed, and applied same as a credit on said assessment.

"That on the 23d day of April, 1921, the banking commissioner, through his agent, charged the sum of $1,000 against the checking account of Mrs. M. M. Reese, wife of the defendant, being the amount to her credit in the Tyler County State Bank at the time it closed, and credited same on the assessment of the defendant.

"That prior to the closing of the Tyler County State Bank on March 28, 1921, the defendant, M. M. Reese, had an interest-bearing time deposit of $1,000 in said bank and that at the time of the closing of said bank there was accrued interest on said account remaining unpaid in the sum of $40; that the certificate of deposit evidencing this account was long past due at the time of the closing of said bank; that prior to the closing of said bank by the banking commissioner, as aforesaid, the defendant presented his said time certificate of deposit to the bank for payment, it being then past due, but that payment was refused, the bank officials stating to the defendant that the bank had not sufficient funds available and on hand with which to pay it; that subsequent to the closing of said bank and on or about the 5th day of April, 1921, L. E. Bain, liquidating agent, representing the state banking commissioner in charge of the liquidation of the affairs of said bank, contracted and agreed with the defendant, M. M. Reese, to allow him a further credit in the sum of $1,040, being the amount of principal and interest of the time deposit above referred to; that pursuant to said agreement the defendant Reese surrendered to said L. E. Bain said certificate of deposit which was accepted by said Bain, liquidating agent, as a payment of $1,040. That said L. E. Bain, liquidating agent, made entries on the books of said bank showing said amount of $1,040 on the cash receipt book of said bank as having been paid by M. M. Reese, the defendant, and the time deposit of the defendant was charged with a like amount; that on the same date the defendant paid to said L. E. Bain, liquidating agent, the further sum of $600 in cash, which amount was never credited on the books of said bank.

"That several months thereafter on, to wit, the 6th day of January, 1922, acting under instructions from the state banking commissioner the liquidating agent in charge of the Tyler County State Bank, without the consent of the defendant, M. M. Reese, reversed the above entries relative to the time deposit account, but that the certificate of deposit surrendered by the defendant to the liquidating agent evidencing said time deposit has never been returned to the defendant.

"The court concludes as a matter of law that the plaintiff is entitled to judgment against the defendant for the sum of $351.45, together with interest thereon at the rate of 6 per cent. per annum from and after the assessment against the defendant became due and payable."

Appellant presents three assignments of error, each of which is vigorously assailed by appellee as being insufficient and not in compliance with the rules, and objects to their being considered. The first assignment is:

"The court erred in finding as a matter of fact that the defendant, M. M. Reese, on or about the 5th day of April, A. D. 1921, paid the sum of $600 in cash on the stockholder's assessment herein sued on."

The second assignment is:

"The court erred in finding as a matter of fact that the defendant M. M. Reese, on or about the 5th day of April, 1921, paid the sum of $1,040 on the assessment herein sued on."

[1] These assignments are too general. They simply assert that the evidence does not support the court's finding of fact. Assignments of this kind have uniformly been held insufficient. They should state in what respect the evidence does not support the finding. Rules 24, 25, 26, and 27 for Courts of Civil Appeals; Yoe v. Montgomery, 68 Tex. 338, 342, 4 S. W. 622; Randall v. Carlisle, 59 Tex. 69; Standard Scale & Supply Co. v. Chapin (Tex. Civ. App.) 218 S. W. 645; Denby Motor Truck Co. v. Mears (Tex. Civ. App.) 229 S. W. 994; Bean v. Hinson (Tex. Civ. App.) 235 S. W. 327; Roberts v. Williford (Tex. Civ. App.) 242 S. W. 797.

The third assignment is:

"The court erred in concluding as a matter of law that the facts 'that prior to the closing of the Tyler County State Bank on March 28, 1921, the defendant, M. M. Reese, had an interest-bearing time deposit of $1,000 in said bank, and that at the time of the closing of said bank there was accrued interest on said account remaining unpaid in the sum of $40; that the certificate of deposit evidencing this account was long past due at the time of the closing of said bank; that prior to the closing of said bank by the banking commissioner, as aforesaid, the defendant presented his said time certificate of deposit to the bank for payment, it being then past due, but that payment was refused, the bank officials stating to the defendant that the bank had not sufficient funds available and on hand with which to pay it; that subsequent to the closing of said bank, and on or about the 5th day of April, A. D. 1921, L. E. Bain, liquidating agent, representing the state banking commissioner in charge of the liquidation of the affairs of said bank, contracted and agreed with the defendant, M. M. Reese, to allow him a further credit in the sum of $1,040, being the amount of principal and interest of the time deposit above referred to; that pursuant to said agreement the defendant, M. M. Reese, surrendered to said L. E. Bain said certificate of deposit,

which was accepted by said Bain, liquidating agent, as a payment of $1,040; that said L. E. Bain, liquidating agent, made entries on the books of said bank, showing said amount of $1,040 on the cash receipt book of said bank as having been paid by M. M. Reese, the defendant, and the time deposit account of the defendant was charged with a like amount; that several months thereafter, on, to wit, the 6th day of January, 1922, acting under instructions from the state banking commissioner, the liquidating agent in charge of the Tyler County State Bank, without the consent of the defendant, M. M. Reese, reversed the above entries relative to the time deposit account, but that the certificate of deposit surrendered by the defendant to the liquidating agent, evidencing said time deposit, has never been returned to the defendant'—constituted payment of $1,040 on the assessment herein sued on."

[2, 3] We have concluded ·that this assignment·is subject to the same objection as the others. It does not point out in any manner why the conclusion of the court is not correct. The assignment, in effect, merely complains that the evidence (facts found by the court) is not sufficient in law to support the judgment, without pointing out in what particular it is insufficient, or why, under the law, it would not constitute payment. The assignment does not complain of the judgment, but of a conclusion of the court, which, if erroneous, is not shown by the assignment to render the judgment erroneous. In order to present a question for decision, the assignment should go further than merely to complain that some recital of fact or conclusion of law is erroneous. Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631. The assignment specifies no particular error; the ground of error is not stated. It is no more than saying the court erred in rendering judgment for the defendant upon the evidence adduced, because the judgment is contrary to the law, and is not supported by the evidence. Such an assignment has repeatedly been held too general to admit of consideration. American Legion of Honor v. Rowell, 78 Tex. 677, 15 S. W. 217; Randall v. Carlisle, 59 Tex. 69; Pearson v. Flanagan, 52 Tex. 266; Gunter v. Lillard, 1 Tex. Civ. App. 325, 21 S. W. 118; Cement Co. v. McBrayer (Tex. Civ. App.) 140 S. W. 388, 393 (writ refused).

Furthermore, in order to determine whether the court's finding that certain facts constituted payment was erroneous, rendering the judgment erroneous, the whole of the record, pleadings, and statement of facts would have to be searched, to see if there were any other facts, under the pleadings, supporting the findings and judgment there-

on. A proper disposition of this assignment would involve a consideration, not only of the sufficiency of the evidence to support a finding in favor of appellant, but also an examination of the defenses presented by appellee, particularly the validity of the contract entered into between the special agent of appellant and appellee, when the certificate of deposit was accepted and received by said special agent as payment on the assessment. Garrison v. Ochiltree County, 50 Tex. Civ. App. 397, 111 S. W. 445 (writ denied); Gunter v. Lillard, 1 Tex. Civ. App. 325, 21 S. W. 118; Watzlavzick v. Oppenheimer, 38 Tex. Civ. App. 306, 85 S. W. 855 (writ denied).

Moreover, the conclusion of law by the court is based upon a finding of fact made by the court that the certificate of deposit was accepted by the special agent of appellant as part payment, and this finding of fact is not excepted to or challenged by appellant. If it was accepted as payment, it constituted payment, unless there was some fraud, accident, or mistake, or some other reason that avoided the agreement, and nothing of that kind is assigned.

[4] It may be contended that appellant's proposition under this assignment may be looked to in aid of the assignment. The proposition is:

"Where a defendant is sued by the commissioner of banking to recover on a stockholder's assessment for an insolvent state bank, it is error for the court to conclude as a matter of law that the facts [and then is copied verbatim the statement of facts set out in the assignment] constituted payment of $1,040 on the assessment sued on."

[5] The proposition is no more specific than the assignment, adds nothing to it, merely asserts that the conclusion of the court based upon the facts stated was error, without pointing out the error. Besides, it has been held that propositions will not be looked to, to assist assignments when too general. Railway Co. v. Hinzie, 82 Tex. 628, 629, 18 S. W. 681; Cannon v. Cannon, 66 Tex. 682, 3 S. W. 36; City of Galveston v. Devlin, 84 Tex. 319, 326, 19 S. W. 395.

There being no proper assignments of error presented, and no error apparent of record appearing, the judgment should be affirmed; and it is so ordered.

Affirmed.

WALKER, J. In my judgment, my brethren are in error in refusing to review this case· on the third assignment of error and the proposition thereunder.