ECONOMY FILLING STATION et al. v.
HUMBLE OIL & REFINING CO.*
(No. 614.)

Court of Civil Appeals of Texas. Waco. Jan. 26, 1928.

Rehearings Denied March 1, 1928, and March 15, 1928.

I. Pleading ⬅193(9)—Omission to attach account to amended petition referred to therein held not to subject petition to general demurrer.

Where in suit to recover on open account for goods sold itemized, verified account was filed with and attached to original petition, omission to attach account to amended petition alleging that account was attached did not render amended petition subject to general demur-

rer, since it is unnecessary for exhibit to be actually attached to pleading in order that it become a part thereof; it being sufficient if petition refers to papers filed and makes same part thereof.

2. Appeal and error ⬅882(8)—General manager having testified account was correct, defendant could not complain of admission of account in evidence because two items were unintelligible.

Where general manager of corporation sued on open account for merchandise sold and delivered testified that sworn, itemized account attached to original petition was true and correct, defendant could not complain of admission of account in evidence because two or three items of long account as filed were not intelligible.

3. Corporations ⬅360(1)—Overruling special exceptions to petition alleging misrepresentations of corporation's president as basis for credit held proper.

Where in suit on open account for goods sold a corporation, defendant's general manager was made party defendant because of his statements which induced credit, overruling his special exceptions to petition as to misrepresentations was proper, where petition alleged that he as director, president, and general manager made false and fraudulent representations to obtain credit, and that plaintiff extended credit in reliance thereon.

4. Corporations ⬅361—Jury's finding that corporation president made fraudulent representations as officer was authorized, where he admitted making financial statements which plaintiff relied on.

In action on open account for merchandise sold corporation, in which its general manager was joined as defendant because of false representations he made to secure credit, jury's finding that he had made false and fraudulent representations as an officer of defendant corporation was authorized, in view of his admission of making financial statements which jury found plaintiff relied on in extending credit and which were highly inflated.

5. Corporations ⬅361—Admitting evidence of newspaper statement and of corporation's indebtedness at time financial statements were made by its president held proper.

In action on account for merchandise sold a corporation, in which its president was joined because of misrepresentations as to corporation's credit, court properly admitted in evidence accounts which corporation owed at time financial statements were made to commercial rating company and also evidence of statement published in newspaper stating that 10 per cent. dividend would be paid.

6. Corporations ⬅336—Director having no knowledge of misrepresentations made by president to secure credit could not be held personally liable for corporation's debts (Rev. St. 1925, art. 1347).

Director owning one share of stock only and never having attended a corporation meeting and being without knowledge of misrepresentations of corporation's president in issuing financial statement to secure credit could not,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed on agreed motion.

in view of Rev. St. 1925, art. 1347, be held personally responsible for debt incurred by corporation on strength of financial statement.

Appeal from District Court, Limestone County; W. T. Jackson, Judge.

Action by the Humble Oil & Refining Company against the Economy Filling Station and others. From a judgment for the plaintiff, defendant named and defendants Mrs. T. C. Morrow and T. F. Morrow appeal. Judgments as against defendants Economy Filling Station and T. F. Morrow affirmed. Judgment as against Mrs. T. C. Morrow reversed and remanded.

I. W. Keys, of Mexia, for appellants.
W. W. Mason, of Mexia, for appellee.

BARCUS, J. This suit was filed by appellee against Economy Filling Station, a corporation, and its directors, T. C. Morrow, T. F. Morrow and Blake Smith, to recover $3,174.53 which the Economy Filling Station owed appellee on open account for goods, wares, and merchandise sold and delivered. Each of the parties filed separate answers. The court instructed the jury to return a verdict for Blake Smith, about which no complaint is made. The cause was submitted to the jury on special issues and resulted in judgment being rendered in favor of appellee against Economy Filling Station, T. C. and T. F. Morrow, jointly and severally. Each of said parties has filed a separate brief in this court.

Appellant Economy Filling Station alleged that Wallace Adams, the agent of appellee, who it alleged had guaranteed all of said account except $200, had paid same with the exception of said $200, and that for said reason appellee was not entitled to recover more than $200 against it. The issue of payment by Wallace Adams of said account was not submitted to the jury, and no request was made for the submission of said issue. The evidence is sufficient to authorize the finding of the court that said account had not been paid.

[1] Appellant Economy Filling Station further contends that its general demurrer to appellee's petition should have been sustained, because appellee alleged that it had attached to its petition and made a part thereof the verified sworn account on which suit was based, when as a matter of fact said account was not attached but same had been filed with and attached to the original petition and not to the amended petition on which appellee went to trial. We overrule this assignment. It is not as a matter of law necessary for an exhibit to be actually attached to a pleading in order for same to become a part thereof. If the petition refers to any papers filed and makes same a part thereof, as against a general demurrer it is sufficient. City Nat. Bank v. Young (Tex.

Com. App.) 237 S. W. 243; Gunter v. Lillard, 1 Tex. Civ. App. 325, 21 S. W. 118.

[2] Economy Filling Station further complains of the action of the trial court in admitting said sworn itemized account in evidence, because two or three items in the long account as filed, appellant contends, were not intelligible. We overrule this contention. Wallace Adams, the agent of appellee, testified in detail with reference to said account, and testified that the same was true and correct and that there was still due and unpaid the total amount as called for in said account. Appellant T. F. Morrow, agent and general manager of the Economy Filling Station, in effect testified that said account was true and correct. It therefore became immaterial as to whether said account was properly verified or not.

[3] Appellant T. F. Morrow, in addition to the assignments filed by appellant Economy Filling Station, complains of the action of the trial court in overruling a number of special exceptions, which he filed to appellee's petition, especially with reference to the misrepresentations which appellee claims T. F. Morrow as president, general manager and one of the directors of the Economy Filling Station, made to appellee. Appellee alleged in detail the various representations which it claimed were made to it by T. F. Morrow as a director, president, and general manager of the Economy Filling Station, a corporation, as a basis for credit, and alleged specifically that said representations were false and fraudulent and were made by said Morrow at the time for the purpose of obtaining credit, and that it did extend credit on the strength of and relying on said representations. We think the trial court did not commit error in overruling said special exceptions.

[4] Appellee seeks to hold T. F. Morrow liable for the account on the theory that he made false and fraudulent representations as a director and officer of the Economy Filling Station with reference to the financial status of the Economy Filling Station, with the purpose, design, and intent on his part of obtaining credit from appellee, and that appellee, on the strength of said representations, did sell and deliver said goods, wares, and merchandise to the said Economy Filling Station on open account. The jury found that T. F. Morrow made certain representations with reference to the financial status of the Economy Filling Station, which were relied upon by appellee at the time it sold the merchandise to it, and that said representations were false. Appellant T. F. Morrow contends that the findings of the jury to the special issues were not supported by the evidence. We overrule all these assignments. We think the evidence was amply sufficient to support said findings. As

revealed by the record, appellant T. F. Morrow in effect admitted the making of the various and sundry financial statements which the jury found appellee relied on in extending credit to the Economy Filling Station, and, without controversy, said reports were highly inflated and grossly overestimated and manifestly inaccurate.

[5] T. F. Morrow further complains of the action of the trial court in permitting appellee to offer in evidence over its objection the various items and accounts which it owed at the time the financial statements were made to R. G. Dunn & Co., and a published statement which T. F. Morrow as president of said company published in a paper, stating that a 10 per cent. dividend would be paid on the stock. We have carefully examined all these assignments, and same are overruled. All of said testimony with reference to the indebtedness was admissible under the allegations made by appellee as tending to show that at the time the financial statements were made with reference to the indebtedness owed by the Economy Filling Station, the same were false and untrue. Appellant T. F. Morrow himself testified that he had published the notice in the paper that he would pay the dividend of 10 per cent., and that he did pay a 10 per cent. dividend to a number of the stockholders. It seems to be the well-settled principle of law in this state that a director or officer of a corporation who knowingly makes false and fraudulent representations as to the financial status of a corporation thereby makes himself liable for the debts and obligations made by said corporation to parties who have knowledge of said representations and who rely thereon. Sugarland Industries v. Parker (Tex. Civ. App.) 293 S. W. 609; Seale v. Baker, 70 Tex. 283, 7 S. W. 742, 8 Am. St. Rep. 592; Cameron v. First Nat. Bank (Tex. Civ. App.) 194 S. W. 469; Durham v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 202 S. W. 138.

[6] Appellant Mrs. T. C. Morrow, in addition to the assignments presented by her co-appellants, contends that the judgment in so far as she is concerned should be reversed because it appears without dispute in the record that she knew nothing about the representations made by her husband, T. F. Morrow, which induced appellee to extend credit to the Economy Filling Station. We sustain this contention. It appears that Mrs. T. C. Morrow is the wife of T. F. Morrow and that she owned $100 stock in the corporation at the time same was incorporated and was elected as one of its directors. She never attended a meeting of the directors or a meeting of the stockholders. Appellee does not claim that she personally knew that the financial statements had been made by her husband with reference to the financial

standing of the Economy Filling Station. Appellee's contention, in so far as it relates to Mrs. Morrow, is that as a director she was. charged with the duty of knowing all about its financial affairs and further charged with the duty of seeing to it that no officer, agent or director of the corporation issued any false or fraudulent statements with reference to its financial standing. 14 C. J. 1032, states the rule as follows:

"In the absence of constitutional or statutory provisions to the contrary, stockholders as a rule are liable only for claims arising out of the legitimate and contemplated business of the corporation, and the fact that the corporation may be so situated as to be estopped from denying the validity of the obligation is of no importance as affecting the liability of these stockholders. Only those stockholders are bound who authorize or assent to the unauthorized acts."

In Surgarland Industries v. Parker (Tex. Civ. App.) 293 S. W. 609 (error dismissed), in which the directors were sought to be held for debts of the corporation because of false reports having been given out by some of the directors, the court used this language:

"If in the transaction which is in suit it is affirmatively shown that any individual director did not have actual participation or knowledge, a claim of fraudulent or false representation can not be predicated against him. A director is liable only for his own acts or omissions. He is not merely by virtue of his position liable. 7 Thompson, Corp. § 8510."

As we understand the opinion, this is in effect the holding of the court in the case of Cameron v. First Nat. Bank of Galveston (Tex. Civ. App.) 194 S. W. 469 (error refused), and in the case of Durham v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 202 S. W. 138. Clearly, to our mind, a director of a corporation should not be held liable for the false and fraudulent financial statements made by another director or manager of a corporation about which he had no information and over which he had no control. The managers and officers in charge of a corporation are presumed to be honest, and there is no way for a director who is not present or has no direct supervision of the affairs of the corporation to know what kind of financial statements are being sent out by any individual director. If the board of directors as a whole give out a financial statement and approve same, as was done in the Cameron v. First Nat. Bank Case, supra, then all those directors who permit the statement to go out over their sanction and approval become liable; but no authority, so far as we have been able to find, holds or even suggests that a director who was not present or who knew nothing about a false financial statement being made can be held personally liable therefor. Article 1347 of our Revised Statutes 1925 provides specifically that a director

who is absent at the time a dividend is authorized to be paid by an insolvent corporation is not liable.

We have carefully examined all of the assignments of error as made by each of appellants. The judgment of the trial court in favor of Blake Smith, not being appealed from, is affirmed, and in so far as it affects the Economy Filling Station, a corporation, and T. F. Morrow, same is in all things affirmed. The judgment in so far as it affects Mrs. T. C. Morrow is reversed and remanded. The judgment below being joint and several against all the parties appealing, and the defenses of each appellant being largely the same, all costs of appeal are hereby taxed against the appellants Economy Filling Station and T. F. Morrow, except those costs which have been incurred by reason of Mrs. T. C. Morrow's being made a party appellant, and all costs which have been incurred alone by reason of her being an appellant are hereby taxed against appellee Humble Oil & Refining Company.