Affirmed as Modified and Memorandum Opinion filed June 12, 2008








Affirmed as Modified and Memorandum Opinion filed June 12,
2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00868-CV

____________

 

ROBERT WARD, Appellant

 

V.

 

NORTHAMPTON MUNICIPAL UTILITY
DISTRICT,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 816194

 



 

M E M O R A N D U M   O P I N I O N

Ward
appeals from a judgment awarding him $23,000 for the acquisition of easements
on his property by the Northampton Municipal Utility District (Athe District@).  In four issues, Ward argues that
the trial court erred in (1) failing to include all the terms of the settlement
agreement in the final judgment, (2) finding that Ward acknowledged receipt of
payment from the District, and (3) granting partial summary judgment.








Background

On April
20, 2004, the District offered Ward $4,420 as compensation for a drainage
easement and a sanitary sewer easement that would run across Ward=s property.  In response to Ward=s rejection of the District=s offer, the District filed a
petition in condemnation pursuant to chapter 21 of the Property Code.  See
Tex. Prop. Code Ann. ' 21.012(a) (Vernon 2004).  The trial
court appointed special commissioners who awarded Ward $4,420.  Ward objected
to the special commissioners award vesting the county court with jurisdiction
over the dispute.  See Tex. Prop. Code ANN. ' 21.012(a) (Vernon
2004).  Subsequently,
the District tendered the $4,420 into the registry of the court. 

On
February 28, 2006, the trial court granted a partial summary judgment, finding
that the District had a right to take the easements, leaving the issue of
compensation for trial.  The parties subsequently entered into a settlement
agreement in which the District agreed to pay Ward $23,000 in compensation for
the taking of his property.  The parties further agreed that A[t]he District or its assign or
successor shall assume and be responsible for all construction and maintenance
of the drainage easement located within the 1.133 acre tract condemned and
conveyed in the Agreed Judgment.@

In
compliance with the settlement agreement, the District prepared an agreed
judgment, which stated that it would pay Ward $23,000 in exchange for the
easements.  Ward refused to agree to the judgment.  On June 5, 2007, the District
delivered a check to Ward in the amount of $18,580 (the condemnation award less
the $4,420 in the registry of the court).  In a letter sent with the check, the
District demanded that Ward agree to the judgment, or the District would be
forced to amend its pleadings to enforce the settlement agreement.  Because
Ward did not agree to the judgment, the District amended its pleadings to
include an allegation that Ward had breached the settlement agreement.  Two
days later, the District filed a motion for partial summary judgment seeking to
enforce Aitem 1@ of the settlement agreement, i.e.,
the payment provision.  








On July
13, 2007, the trial court signed a judgment in which it granted the easements
to the District and ordered that Ward should recover $23,000 as total
compensation for the acquisition of the easements.  The judgment stated that
Ward acknowledged receipt of the District=s check and that Ward could withdraw
the $4,420 from the registry of the court.  On July 24, 2007, Ward returned the
District=s check.

The Settlement Agreement

In his
first and second issues, Ward argues that the trial court erred in failing to
include all the terms of the settlement agreement in the judgment. 
Specifically, Ward contends that the judgment should have included the
obligation of the District to construct and maintain all necessary improvements
on the drainage easement.  

When Rule 11 prerequisites are met, the trial court has a
ministerial duty to grant relief in strict accordance with the parties= agreement.  ExxonMobil
Corp. v. Valence Operating Co., 174 S.W.3d 303, 309 (Tex. App.CHouston [1st
Dist.] 2005, pet. denied); Tex. R. Civ.
P. 11.  The District contends that the trial court is not required to
include all terms of the settlement agreement and that Ward is not harmed by
the failure of the trial court to include the maintenance provision in the
judgment.  See Compania Financiara Libano v. Simmons, 53 S.W.3d 365, 367
(Tex. 2001).  Ward responds, however, that if the District=s maintenance of
the drainage easement is not included in the judgment, future bona fide
purchasers will not be put on notice of the District=s obligation.








If the District fails to comply with its obligation to
maintain the drainage easement while Ward is the property owner, Ward can file
suit against the district for breach of contract.  However, because a future
property owner is not a party to the contract, a future bona fide purchaser
would have no remedy against the District, and the maintenance of the easement
could revert to the property owner.  The principles of condemnation, in part,
enable a landowner to recover all reasonably foreseeable consequential damages
from the taking in the statutory condemnation proceeding and not be Aburdened with the
delay and expense of future lawsuits.@ White v.
Natural Gas Pipeline Co. of Am., 444 S.W.2d 298, 301 (Tex. 1969).  The
District has recognized that a dominant estate owner has the duty to maintain
an easement absent an express agreement placing that duty of maintenance upon
the servient estate owner.  See Roberts v. Friendswood Development Co.,
886 S.W.2d 363, 367 (Tex. App.CHouston [1st Dist.] 1994, writ denied). 
Acknowledging its obligation, the District will not be harmed by its inclusion
in the judgment.  We sustain Ward=s first  and
second issues and modify the judgment to reflect the District=s maintenance
obligation.  We do so in order to provide notice to a potential bona fide
purchaser of Ward=s property.

Acknowledgment of Payment

In his
third issue, Ward argues that the trial court erred in finding that he
acknowledged receipt of payment from the District.  Ward contends that there is
no evidence to support the trial court=s finding that he acknowledged
receipt of payment.  The record reflects that the District sent check number
9844, dated May 3, 2007, in the amount of $18,580, to Ward=s attorney.  On June 7, 2007, in
response to the District=s request that Ward approve the agreed judgment, Ward=s attorney wrote a letter to the
District=s attorney stating that he would
deliver the District=s check to Ward after the trial court signed a judgment
reflecting the entire settlement agreement. 

Ward
fails to explain how the trial court=s recitation of his acknowledgment of
payment harms him.  In presenting an issue on appeal, the issue must go further
than to merely complain that some recital of fact or conclusion of law is
erroneous. Chapman v. Reese, 268 S.W. 967, 970 (Tex. Civ. App.CBeaumont 1925), writ ref=d, 114 Tex. 583, 278 S.W. 1114 (Tex. 1925).  Even if
the trial court=s conclusion were erroneous, not every erroneous conclusion
mandates a reversal.  See In re D.S., 76 S.W.3d 512, 523 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
Therefore, Ward has failed to demonstrate error requiring reversal.  Ward=s third issue is overruled.








Sovereign Immunity

In his
fourth issue, Ward argues that the District waived its right to sovereign
immunity by amending its petition to enforce the settlement agreement.  For
this proposition, Ward cites Texas A & M UniversityBKingsville v. Lawson, 87 S.W.3d 518, 521 (Tex. 2002).  In
that case, the supreme court held that if a government entity agrees to settle
a lawsuit from which it is not immune, it cannot claim immunity from suit for
breach of the settlement agreement.  Id.  In its third amended petition,
the District did not claim immunity from suit, but sought to enforce the
settlement agreement.  The supreme court=s holding in Lawson does not
prohibit the District=s attempt in this case to enforce the settlement agreement. 
Moreover, the District=s right to sovereign immunity is waived in condemnation
suits.  See General Services Com=n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 598 (Tex. 2001).
Ward=s fourth issue is overruled.

The judgment of the trial court is modified to reflect the
parties= agreement that AThe District or
its assign or successor shall assume and be responsible for all construction
and maintenance of the drainage easement located within the 1.133 acre tract
condemned and conveyed in the Agreed Judgment.@  As modified, the
judgment is affirmed.

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed June 12, 2008.

Panel
consists of Chief Justice Hedges and Justice Boyce and Senior Justice Hudson.*

_______________________________

* Senior Justice J.
Harvey Hudson sitting by assignment.