IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

STATE OF TENNESSEE,        )
                                  )
              APPELLEE,     )
                                  )     No. 02-C-01-9604-CC-00124
                                  )
                                  )     Madison County
v.                               )
                                  )     J. Franklin Murchison, Judge
                                  )
                                  )     (Aggravated Robbery and
                                  )      Aggravated Burglary)
JOHN WAYNE BLUE,     )
                                  )
             APPELLANT.    )

FOR THE APPELLANT:

George Morton Googe
District Public Defender
227 West Baltimore Street
Jackson, TN  38301
(Appeal Only)

Thomas T. Woodall
Attorney at Law
203 Murrell Street
P.O. Box 1075
Dickson, TN  37056-1075
(At Trial and of Counsel on Appeal)

Daniel J. Taylor
Assistant Public Defender
227 West Baltimore Street
Jackson, TN  38301
(Trial Only)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
    500 Charlotte Avenue
Nashville, TN 37243-0497

Robin L. Harris
    Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

James G. Woodall
District Attorney General
P.O. Box 2825
Jackson, TN 38302

    Donald W. Allen
Assistant District Attorney General
P.O. Box 2825
Jackson, TN 38302

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# OPINION

The appellant, John Wayne Blue (defendant), was convicted of aggravated robbery, a Class B felony, and aggravated burglary, a Class C felony, by a jury of his peers. The trial court found the defendant was a standard offender in the aggravated robbery case and imposed a Range I sentence of twelve (12) years confinement in the Department of Correction. In the aggravated burglary case, the trial court found the defendant was a multiple offender and imposed a Range II sentence of eight (8) years confinement in the Department of Correction. In this Court, the defendant contends the State of Tennessee failed to prove beyond a reasonable doubt the victim sustained "serious bodily injury" and the sentences imposed by the trial court were excessive. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

On the evening of August 1, 1994, the victim, J. D. Tolliver, was preparing for bed when he heard a woman at his front door say "Let me in" at approximately 8:00 p.m. The victim asked the woman to identify herself. She told the victim she was Aramele Blue.[1] The victim recognized the voice of the woman. She was the sister of the defendant. The victim sat in a chair next to the front door and talked with the woman. He refused to permit her to enter the apartment.

While the victim was talking to the defendant's sister, the defendant ripped the screen from the bathroom window and entered the victim's apartment through the window. The torn screen and the tools used by the defendant were on the ground below the window. The defendant went to the victim's bedroom upon entering the apartment. He went through the victim's chest of drawers. When the defendant failed to locate the victim's money, he removed a blanket from the bed with the pillows and walked to where the victim was talking to his sister. The victim saw the defendant when he entered the room and recognized him. The defendant placed the blanket and pillows over the victim's head. The defendant struck the victim in the mouth with an object. He told the victim he

---

[1]The victim also referred to the woman as Ann Marie Blue. A police officer testified the name of the woman was Ann Marie Blue.

was going to kill him if he did not give him his money. The victim, who had cashed a retirement check that day, gave the defendant $220. The defendant exited the apartment through the back door.

The victim suffered a laceration to his lip and two of his bottom teeth were knocked out of his mouth. The lip was oozing blood when the first officer arrived. There was blood on both sides of the front door jam, and there was blood in the kitchen.

The defendant asserted an alibi defense. He called several witnesses to support his defense. However, a statement the defendant gave a police officer two days after the date of the offense contradicted the testimony of the alibi witnesses.

## I.

The defendant contends the State of Tennessee failed to establish the victim suffered serious bodily injury, an essential element of aggravated robbery in the context of this case. He does not challenge the sufficiency of the evidence in the aggravated burglary case.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571

3

S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

In the context of this case, the state was required to prove beyond a reasonable doubt the following elements to establish the offense of aggravated robbery:

1) The defendant intentionally or knowingly took property from the person of the victim;

2) The theft was committed by violence or placing the victim in fear; and

3) The defendant caused the victim to suffer serious bodily injury.

Tenn. Code Ann. § 39-13-402.

The term "serious bodily injury" is defined in the following manner:

Serious bodily injury means bodily injury which involves:

(A) A substantial risk of death;

(B) Protracted unconsciousness;

(C) Extreme physical pain;

(D) Protracted or obvious disfigurement; or

(E) Protracted loss or substantial impairment of a function of a bodily member, organ or mental faculty;

Tenn. Code Ann. § 39-11-106(a)(33).

4

In this case, the defendant caused the victim to lose his two bottom teeth on the night in question. The two officers who went to the victim's apartment to investigate the aggravated burglary and aggravated robbery testified the victim lost his two bottom teeth at the hands of the defendant. This Court is of the opinion the loss of the two teeth constituted "obvious disfigurement" within the meaning of "serious bodily injury." See State v. Sims, 909 S.W.2d 46, 48-49 (Tenn. Crim. App.), per. app. denied (Tenn. 1995).

There is sufficient evidence to support a finding by a rational trier of fact that the defendant was guilty of aggravated robbery beyond a reasonable doubt. Tenn. R. App. P. 13(e).

## II.

The defendant contends the sentences imposed by the trial court are excessive. The assertion is made in very general terms. This issue is not seriously argued.

Based upon the requisite de novo review of the record within the meaning of Tenn. Code Ann. § 40-35-401(d), it is the opinion of this Court the sentence imposed for aggravated burglary and aggravated robbery should be affirmed. The trial court found four enhancement factors and no mitigating factors.

The defendant has an extensive criminal record. He committed the crimes in question while on probation. He had previous revocation of release into the community. The trial court also found the victim was particularly vulnerable due to his age. The defendant was 26 while the victim was in his mid-70s. These factors are supported by the record.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____

GARY R. WADE, JUDGE


_____
CURWOOD WITT, JUDGE